The CRISPIN COMPANY, Libellant,

v.

M/V KOREA, her engines, etc., and Korea Shipping Corp., Respondent.

No. 65-H-157.

United States District Court
S. D. Texas,
Houston Division.

Nov. 19, 1965.

Robert A. Feltner, Houston, Tex., for libellant.

Royston, Rayzor & Cook and Gus Schill, Jr., Houston, Tex., for respondent.

CONNALLY, Chief Judge.

Libellant has filed in this Court a libel seeking to recover damages for cargo that was damaged en route from Kobi, Japan, to Houston, Texas. In addition to the claim for damages, libellant also seeks to recover $1,000.00 as reasonable attorney's fees for bringing the

action. Respondents have filed an exception to that part of the libel seeking the recovery of attorney's fees, and they move that this part of the libel be stricken.

From the several memoranda filed in connection with this exception, it appears that it is libellant's position that Article 2226 of Vernon's Annotated Texas Civil Statutes is applicable to the instant cause. The applicable provisions of that statute are as follows:

"Any person having a valid claim against a person or corporation for * * * lost or damaged freight or express * * * [the claim having been presented and denied] * * * may also recover, in addition to his claim and costs, a reasonable amount as attorney's fees."

■ According to the libellant, the Texas statute should be applied because it is not repugnant to the Carriage of Goods by Sea Act, 46 U.S.C. § 1300 et seq., inasmuch as this act makes no provision for the payment of attorney's fees. As authority for this proposition, libellant refers the Court to the case of Missouri, K. & T. R. Co. of Texas v. Harris, 234 U.S. 412, 34 S.Ct. 790, 58 L.Ed. 1377 (1914). In that case the Supreme Court held that Texas had the power to provide for the recovery of attorney's fees in suits brought to recover for damaged goods in interstate commerce. While this case may be good authority for applying state statutes to cases brought under the "federal question" jurisdiction of the Federal Courts, I am of the opinion that the Texas statute in question is not applicable in cases brought under the admiralty and maritime jurisdiction of the Federal Courts.

■■ That admiralty is a separate and distinct category of federal jurisdiction is clear from the case of Romero v. International Terminal Operating Company, 358 U.S. 354, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959), where the Supreme Court held that, absent diversity, a maritime claim does not give rise to "federal question" jurisdiction. Because admiralty is a distinct jurisdictional concept, it follows that state laws must be excluded from admiralty cases not only when such laws run contrary to Acts of Congress, but also when such statutes are contrary to admiralty decisions handed down by the Federal Courts. Cf. Wilburn Boat Co. v. Fireman's Fund Ins. Co., 348 U.S. 310, 75 S.Ct. 368, 99 L.Ed. 337 (1955).

■ It would seem to be the general rule in admiralty that, without specific authority therefor, attorney's fees are neither allowable nor taxable as costs. American Union Transport Co. v. Aquadilla Terminal Inc., 302 F.2d 394 (1st Cir. 1962). See also, The Baltimore, 8 Wall. 377, 75 U.S. 377, 19 L.Ed. 463 (1869); Gulf Stevedore Corporation v. S.S. Meltemi, 63–H–3 (S.D.Tex.1963); American Mannex Corp. v. M/S Krossfonn, Admiralty Docket No. 2151 (S.D. Tex.1963); 3 Benedict on Admiralty § 424 (6th Ed.).

■ There are some exceptions to the general rule, but they appear either in cases where a contractual right gives rise to the attorney's fees or in flagrant cases where it would be inequitable to deny the recovery of attorney's fees. As to the former instance, see Ryan Stevedoring Company v. Pan-Atlantic Steamship Corp., 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133 (1956); for the latter, see Vaughan v. Atkinson, 369 U.S. 527, 82 S.Ct. 997, 8 L.Ed.2d 88 (1962).

■ Libellant relies heavily on the case of Stuyvesant Ins. Co. v. Nardelli, 286 F.2d 600 (5th Cir. 1961), where a Florida statute allowing attorney's fees was held applicable to an indemnity suit brought under a marine insurance policy. This case is clearly distinguishable from the instant case for several reasons, the most cogent being the rule that marine insurance contracts are governed by the law of the state in which they were made rather than general admiralty rules. Amador v. A/S J. Ludwig Mowinckels Rederi, 224 F.2d 437 (2nd Cir. 1955); see, Wilburn Boat Co. v. Fireman's Fund Ins. Co., supra. Secondly, the *Stuyvesant*

case was a third party suit on a contract that was ancillary to the admiralty suit for collision brought by the libellant against Nardelli, the respondent and third party plaintiff. The suit was not, as is the case at bar, a direct suit in admiralty.

For the reasons herein stated, it is ordered that respondent's exception to the libel be and is hereby sustained.

The clerk will file this Memorandum and furnish counsel for both parties with a copy hereof.