Anthony CAPOZZIELLO, Plaintiff-Appellee,

v.

Lloyd BRASILEIRO, Defendant-Third Party Plaintiff-Appellant-Appellee,

v.

JOHN W. McGRATH CORP., Third Party Defendant-Appellant.

Nos. 734, 751, Dockets 35488, 35495.

United States Court of Appeals, Second Circuit.

Argued April 20, 1971.

Decided May 24, 1971.

Benjamin E. Haller, New York City (Purrington & McConnell and Frank J. McConnell, New York City, on the brief), for defendant-third party plaintiff-appellant-appellee.

James M. Leonard, New York City (McHugh, Heckman, Smith & Leonard, Maurice F. Beshlian, and James M. Kenny, New York City, on the brief), for third-party defendant-appellant.

Kahart K. Mopper, New York City (Israel & Taubenblatt, New York City, on the brief), for plaintiff-appellee.

Before FRIENDLY, Chief Judge, and ANDERSON, Circuit Judge, and LEVET, District Judge.*

ANDERSON, Circuit Judge:

The plaintiff is a longshoreman employed by the John W. McGrath Corp. (McGrath). On July 28, 1967 he was one of three winchmen assigned to operate the winches at the No. 2 hatch of the M/S Lloyd Uruguai, owned by Lloyd Brasileiro (Lloyd). The three men worked alternately in one-half hour shifts, and the plaintiff was injured as he was about to take his turn at operating the winch. He was walking around the port winch when he slipped and fell on a patch of oil that had leaked from it. As the result of this fall he suffered injuries to his head and back.

Invoking the diversity jurisdiction of the district court, the plaintiff brought this action against Lloyd to recover for his injuries; Lloyd impleaded the plaintiff's employer, McGrath, to secure indemnification for any damages recov-

---

* Of the Southern District of New York, sitting by designation.

ered, on the ground of a breach of McGrath's implied warranty of workmanlike performance and on McGrath's agreement in the stevedoring contract to indemnify Lloyd against any loss "arising or resulting from the performance of this contract," which Lloyd might incur as the result of "any claim" by an employee of McGrath. The action was tried to a jury which returned a general verdict in favor of the plaintiff and against Lloyd on its third-party claim against McGrath, finding that there had been no breach of McGrath's implied warranty of workmanlike performance. The district court directed a verdict in favor of Lloyd on its third-party claim, however, on the ground that McGrath had expressly contracted to indemnify Lloyd for this type of claim. During the trial, Lloyd had moved for a directed verdict based on the contractual indemnity clause and the court reserved decision on the motion pending the jury's verdict on the issue of McGrath's breach of the implied warranty.

In these appeals by Lloyd and McGrath, Lloyd contends that the district court committed error in denying its motion to set aside the verdict as against the weight of the evidence, which Lloyd asserts, shows plaintiff guilty of contributory negligence. There is ample support in the evidence, however, for the jury to have found that the plaintiff was free from contributory negligence; and the determination itself was properly within the jury's domain. The central issues presented by these appeals, however, relate to McGrath's claim that the district court erroneously held McGrath liable in indemnity based on the contractual indemnity clause in the stevedoring contract:

"7. *Indemnity*: Contractor will, at all times, indemnify and save harmless the Owner against any loss, cause or injury or damage to persons or property arising or resulting from the performance of this contract, including any and all loss, cost, damage or expense, which the Owner may sustain or incur on account of any claim, de-

mand or suit made or brought against the Owner on behalf of any employee of the Contractor, or by the Contractor, his servants, agents or employees, or in case of any claim being made or action instituted for any act or omission of the Contractor resulting in injury or damage to persons or property."

██ Preliminarily, it should be noted that contrary to the district court's understanding, the interpretation of the indemnity clause as part of a maritime contract is a matter governed by federal maritime law and not state law. A/S J. Ludwig Mowinckels Rederi v. Commercial Stevedoring Co., Inc., 256 F.2d 227 (2 Cir.), *appeal dismissed*, 358 U.S. 801, 79 S.Ct. 9, 3 L.Ed.2d 49 (1958). That the district court's diversity, rather than its admiralty, jurisdiction had been invoked does not change the applicable law. Pope & Talbot, Inc. v. Hawn, 346 U.S. 406, 74 S.Ct. 202, 98 L.Ed. 143 (1953). The differences, however, between New York law and federal maritime law on the interpretation of an indemnity clause, if any, are not substantial, and both adhere to the general rule that where, as here, the indemnitee is solely at fault for the injuries, the indemnity clause "will not be construed to indemnify a person against his own negligence unless such intention is expressed in unequivocal terms * * *." Rice v. Pennsylvania R. Co., 202 F.2d 861, 862 (2 Cir. 1953). See Kurek v. Port Chester Housing Authority, 18 N.Y.2d 450, 276 N.Y.S.2d 612, 223 N.E.2d 25 (1966); Thompson-Starrett Co., Inc. v. Otis Elevator Co., 271 N.Y. 36, 2 N.E.2d 35 (1936).

██ The plaintiff's injuries resulted from a faulty winch, and it was the duty of Lloyd under Clause 6 of the stevedoring contract to supply winches in good working order. McGrath was under no obligation to maintain the winches, and the jury's verdict exonerated McGrath of any fault in failing to discover the dangerous condition. Although it would be extraordinary for the law to impose liability under these

**1158**

circumstances, Weldon v. United States, 65 F.2d 748, 749 (1 Cir. 1933), there is no federal policy against the stevedore contracting to assume that responsibility. United States v. Seckinger, 408 F.2d 146 (5 Cir. 1969), reversed on other grounds, 397 U.S. 203, 90 S.Ct. 880, 25 L.Ed.2d 224 (1970).

The Supreme Court has expressly declined to require, as indicia of an intent to indemnify a party against the consequences of his own negligence, an express provision to that effect. United States v. Seckinger, 397 U.S. 203, 212–213 n. 17, 90 S.Ct. 880, 25 L.Ed.2d 224 (1970); see also Granite City Steel Co. v. Koppers Co., Inc., 419 F.2d 1289, 1290 (7 Cir. 1969). An indemnity clause identical in all material aspects to the one before us was considered by the District of Columbia Circuit in Moses-Ecco Co., Inc. v. Roscoe-Ajax Corp., 115 U.S. App.D.C. 366, 320 F.2d 685 (1963). Faced with an identical question, the court characterized that clause in a way equally applicable to the present appeal:

> "It is difficult to conceive of any phraseology broader than Moses-Ecco's agreement to indemnify Roscoe-Ajax * * *. Since the parties specified that 'all' losses on 'any' claims included those of Moses-Ecco's employees, we think further specification would be superfluous and ritualistic."

McGrath argues, however, that the crucial question is how to interpret the words "arising or resulting from the performance of this contract," and that, properly interpreted, the phrase restricts McGrath's liability in indemnity to injuries arising out of activities that McGrath had contracted to perform and over which McGrath had assumed control. Since the duty of providing winches in good working order rested on Lloyd, McGrath argues that the responsibility for a breach of that duty rests on Lloyd, citing Thompson-Starrett Co., Inc. v. Otis Elevator Co., *supra*. There, an employee of a subcontractor was injured as the result of the negligence of

the contractor. The subcontractor was free of negligence, but it had agreed to indemnify the contractor "against all claims for damages to persons growing out of the execution of the work." Holding that the "mere fact that the accident occurred while the employees of appellant [subcontractor] were engaged in work * * * is not sufficient to impose liability" the Court of Appeals stated that the actions of the indemnitor must be the cause of the injury. Assuming that the *Thompson-Starrett* rule also expresses the federal maritime rule, it is not controlling in this context. In *Thompson-Starrett* the contract itself limited the subcontractor's indemnity liability to injuries resulting only from the performance of its own duties by defining "work" as "the work, materials, matters and things required to be done and furnished by subcontractor under this contract." No similarly limiting definition appears in the contract in the present case between McGrath and Lloyd.

To the contrary, the language and structure of the clause demonstrate an unambiguous intent to require McGrath to indemnify Lloyd for any expense incurred by Lloyd because of any claim by a McGrath employee. The broad language of the clause up to the word "including" shows that the subject matter of the clause is "any loss, cause or injury or damage to persons or property," and the "including" phrase specifies two types of actions for which McGrath will be liable: first, it specifies "any loss" sustained because of a claim brought *on behalf of any employee* of McGrath or *by McGrath or its agents or employees;* second, it specifies any claim instituted for any act or omission of McGrath resulting in injury to persons or property. The second specification clearly limits McGrath's liability to injuries caused by its own negligence. Under McGrath's reading of the second specification, however, it is merely a reiteration of the first part of the clause, because McGrath argues that "resulting from the performance of this contract" should be

read to mean "resulting from the negligence of McGrath." Such an interpretation would not only create an internal redundancy in the clause but would also render the clause meaningless by equating it with the independently existing implied warranty of workmanlike performance. Unless there is no alternative, an interpretation having such a result should be avoided. Rice v. Pennsylvania R. Co., *supra*; Moses-Ecco Co., Inc. v. Roscoe-Ajax Corp., *supra*; Kurek v. Port Chester Housing Authority, *supra*. Such an approach is not only desirable but readily available in the present case. Contrasted as it is with the first specification's treatment of actions by or on behalf of McGrath's employees, the second specification most logically applies to actions brought by third parties not employed by McGrath. As to those plaintiffs, McGrath's liability in indemnity is limited to injuries resulting from its own negligence. Distinguishing between these two classes of plaintiffs is a logical purpose attributable to McGrath and a likely subject of negotiation.

It is significant that although the indemnity clause by its terms applies to any loss to persons or property, which would include damage to the ship, her equipment and cargo, Clause 8 of the stevedoring contract, which immediately follows, specifically deals with that type of damage and limits the liability of McGrath to injuries resulting from its own negligence. In light of the broad language in the indemnity clause with reference to all claims for any injury and the specificity with which the clause outlines those claims for which McGrath's liability is limited to injuries resulting from its own negligence, the inference is unmistakable that the omission of such limiting language from the first specification with regard to actions by employees was intentional and that McGrath specifically assumed liability for acts or omissions by Lloyd which resulted in injuries to McGrath's employees.

Affirmed.