John W. HOYNE, Plaintiff,

v.

PETER KIEWIT SONS, INC., et al., Defendants.

PETER KIEWIT SONS CO., a corporation, Third-Party Plaintiff,

v.

WILLAMETTE–WESTERN CORPORATION, a corporation, Third-Party Defendant.

No. 75 C 3546.

United States District Court, N. D. Illinois, E. D.

Feb. 19, 1976.

Horwitz, Anesi, Ozmon & Associates, Ltd., Chicago, Ill., for plaintiff.

Edward H. Nielsen, Chicago, Ill., for defendant-counterplaintiff Peter Kiewit Sons, Co.

John J. Blasi, Chicago, Ill., for third-party defendant.

AUSTIN, District Judge.

## RULING ON MOTION

Plaintiff, a construction worker employed by Third Party Defendant, seeks recovery for injuries allegedly caused by Defendants' negligence and their violation of an Illinois statute. Defendants allege that if a judgment is entered in favor of Plaintiff, Defendants are entitled to indemnification by Third Party Defendant.

Third Party Defendant now moves to strike amended Count II of the Third Party Complaint. Count II charges that Third Party Defendant, pursuant to a charter agreement with Defendant Peter Kiewit Sons Co. agreed to indemnify and hold harmless Kiewit against claims and liabilities arising out of Third Party Defendant's operation of the chartered ves-

sel.[1] Third Party Defendant contends (1) that the indemnity language in the Charter cannot be interpreted to require indemnity for Kiewit's own negligence and (2) that the indemnity provision is void as against public policy under Chapter 29, Section 61 of the Illinois Revised Statutes.[2]

The charter involved here is a "bareboat charter," a variety of charter party. *See H. Baer, Admiralty Law of the Supreme Court* 289 (2d ed. 1969). Because a charter party is a maritime contract, *Armour & Co. v. Fort Morgan S.S. Co.*, 270 U.S. 253, 46 S.Ct. 212, 70 L.Ed. 571 (1926), the interpretation of an indemnity clause contained therein is a matter governed by federal maritime law rather than state law. *Capozziello v. Brasileiro*, 443 F.2d 1155 (2d Cir. 1971). The applicable law is not changed because Kiewit's removal petition invoked this Court's diversity, rather than its admiralty, jurisdiction. *Id.*

The federal rule, however, appears to be consistent with the policy underlying the Illinois statute which Third Party Defendant seeks to apply. In *Capozziello, supra,* the court applied federal law and adhered to the "general rule" that an indemnity clause will not be construed to indemnify a person against his own negligence unless such intention is expressed in unequivocal terms. 443 F.2d at 1157. This rule must be applied to the charter at issue here.

Kiewit argues that the Charter provided for indemnification only where Third Party Defendant was negligent. This analysis would render the indemnification provisions entirely irrelevant. If the clauses covered only claims arising from Third Party Defendant's negligence, there could be no indemnity because there is no claim against Kiewit based on Third Party Defendant's negligence. The only claim against Defendant is based on its own negligence. Plaintiff's lawsuit is the "claim or action arising out of the operation of the vessel" for which Kiewit seeks indemnification. Plaintiff's complaint contains allegations of Kiewit's negligence. Therefore, any indemnification under the Charter provisions would be for Kiewit's negligence. Any finding of negligence on the part of Third Party Defendant would be based on the substantive allegations in Kiewit's counter-claim, not upon the indemnity clause. I conclude, therefore, that this case does raise the issue whether an intention to indemnify Kiewit against its own negligence was expressed in the unequivocal terms required to render it effective.

As to that issue, I conclude that the indemnity language in the Charter was too general to unequivocally cover Kiewit's own negligence. Courts faced with similar language have reached this same conclusion. *E. g., Lanasse v. Travelers Ins. Co.*, 450 F.2d 580 (5th Cir.

---

1. The relevant provisions read as follows:

   (3). Charterer hereby expressly agrees that it has inspected the foregoing vessel, and if fully satisfied with the condition thereof, and further agrees that said vessel is chartered on a Bare-Boat basis, as is, where is, without warranties of any kind or nature, express or implied, including, without limitation, warranty or fitness for any purpose whatsoever, and Charterer expressly agrees, in addition to all other indemnities hereunder, to fully defend, indemnify and save harmless Owner from and against any claim asserted by Charterer, its agents and employees, and/or any other person or unseaworthiness, or allegations thereof, or said vessel as of the date of delivery of said vessel to Charterer, and/or during the term hereof.

   (8). Charterer agrees not to suffer or permit any liens or encumbrances whatsoever upon said vessel, and agrees to indemnify, defend and hold harmless Owner against any claims, demands, or actions arising out of the operation or possession of vessel by Charterer.

2. With respect to contracts or agreements, either public or private, for the construction, alteration, repair or maintenance of a building, structure, highway, bridge, viaducts, or other work dealing with construction, or for any moving, demolition, or excavation connected therewith, every covenant, promise or agreement to indemnify or hold harmless another person from that person's own negligence is void as against public policy and wholly unenforceable.
   Ill.Rev.Stat., ch. 29, § 61.

1971). *Auto Owners Mut. Ins. Co. v. Northern Ind. Pub. Serv. Co.*, 414 F.2d 192 (7th Cir. 1969).

Accordingly, Third Party Defendant's motion to strike Count II of the amended Third Party Complaint, taken as a motion to dismiss that count for failure to state a claim upon which relief can be granted, must be granted.

Motion granted.