KALMBACH, INC., et al., Plaintiffs,

v.

The INSURANCE COMPANY OF the STATE OF PENNSYLVANIA, INC., Defendant.

Civ. No. A–16–69.

United States District Court, D. Alaska.

Nov. 8, 1976.

David H. Thorsness, Hughes, Thorsness, Lowe, Gant, Powell & Brundin, Anchorage, Alaska, for plaintiffs.

Richard A. Helm, Burr, Pease & Kurtz, Anchorage, Alaska, for defendant.

## MEMORANDUM AND ORDER

VON DER HEYDT, Chief Judge.

THIS CAUSE comes before the Court on plaintiffs' motion to reconsider order regarding attorney's fees. This case is presently before the Court on remand from the Circuit Court of Appeals. 529 F.2d 552 (9th Cir. 1976). Subsequent to the remand summary judgment was entered in favor of plaintiffs on the issue of liability. Several months later summary judgment was granted on the issue of damages. In that order each side was required to bear their own attorney's fees. This motion asks the Court to reconsider the portion of the order regarding attorney's fees.

Plaintiffs' predicate their request for attorney's fees on Alaska Civil Rule 82 which allows an award of such fees to the prevailing party in a civil action. Plaintiffs maintain that this is a simple diversity action and as such that under the rule of *Erie v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) state law applies regarding the award of attorneys fees. (*See Michael Regan, Inc. v. Lindell,* 527 F.2d 653, 656 (9th Cir. 1975); *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 259 fn. 31, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975).

■ This approach overlooks vital differences between this case and the ordinary diversity case. The central question involved in this action concerned the coverage of insurance policies on a tug and barge owned by plaintiff. As such it comes within the admiralty and maritime jurisdiction of the federal courts. *Insurance Company of Penn. v. Amaral,* 44 F.R.D. 45 (S.D.Tex. 1968). In addition plaintiffs' complaint specifically alleged jurisdiction based on the admiralty and maritime jurisdictional grant. 28 U.S.C. § 1333(1). This allegation was admitted by defendants and has not been seriously contested at any time.

■ Even assuming that jurisdiction was based solely on diversity this case has admiralty and maritime overtones and hence the rule of *Erie v. Tompkins* does not require the automatic application of state substantive law. In *Pope & Talbot, Inc. v. Hawn,* 346 U.S. 406, 74 S.Ct. 202, 98 L.Ed. 143 (1953), the Supreme Court noted that admiralty and maritime law require some uniformity. *Id.* at 410–411, 74 S.Ct. 202. If the *Erie* rule were applied in diversity cases with maritime issues it would destroy that uniformity and often make the choice of law depend upon whether one sued in admiralty and maritime or diversity. Such a result would run entirely contrary to the purpose of the *Erie* rule which was to eliminate choice of law decisions based on the place of filing the complaint. *Id.* at 411, 74 S.Ct. 202.

■ It does not follow, however, that state law may never be applied in this situ-

ation. Following *Pope & Talbot* certain tests were devised to determine whether state law was applicable in admiralty and maritime cases. In *St. Hilaire Moye v. Henderson,* 496 F.2d 973 (8th Cir. 1974) cert. den. 419 U.S. 884, 95 S.Ct. 151, 42 L.Ed.2d 125, the court succinctly set out the standard:

Thus, admiralty courts may apply state law by express or implied reference *when the federal law of admiralty is incomplete.* . . .

However, state law may not be applied by a federal court if it would defeat or narrow any substantial admiralty rights of recovery . . . . [S]tate law may not be applied to . . . prejudice the characteristic features of maritime law or to disrupt the harmony it strives to bring to international and interstate relations. . . . [I]t may be deemed preempted if it is in direct contradiction of the uniformity of admiralty law in some crucial respect. (emphasis added).

*Id.* at 980.

The fact that this case was in diversity as well as admiralty does not change the rule as *Pope & Talbot v. Hawn,* supra, requires that the same law be applied in both instances. See also *Kossick v. United Fruit Co.,* 365 U.S. 731, 81 S.Ct. 886, 6 L.Ed.2d 56 (1961) [diversity case-federal law applied]; *Capozziello v. Brasileiro,* 443 F.2d 1155, 1157 (2d Cir. 1971) [diversity case-federal law applied]; *United Barge Co. v. Logan Charter Service,* 237 F.Supp. 624, 627 (D.Minn. 1960) [Admiralty jurisdiction-state law applied].

On the issue of liability in this case the Circuit Court noted that the question of which law applied was troublesome. However, since both parties urged the application of state law and since state law did not contravene federal admiralty law on the issue, state law was appropriately adopted. 529 F.2d at 554–55. The question of attorney's fees is not as easily dealt with.

■ Prior to *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975) courts had split

on the issue of whether attorney's fees were available in admiralty and maritime cases. Most followed the rule that they were not allowable. See *Sandoval v. Mitsui Sempaku K. K. Tokyo,* 460 F.2d 1163, 1171 (5th Cir. 1972); *American Union Transport Co. v. Aguadilla Terminal, Inc.,* 302 F.2d 394, 396 (1st Cir. 1962); *Gulf Puerto Rico Lines, Inc. v. Associated Food Co.,* 366 F.Supp. 631, 637 (D.Puerto Rico 1973); *Crispin Co. v. M/V Korea,* 251 F.Supp. 878, 879 (S.D. Tex.1965). At least one court, however, has awarded fees based on state statutes. *Stuyvesant Insurance Company v. Nardelli,* 286 F.2d 600, 604 (5th Cir. 1961). Following *Alyeska,* however, it seems beyond question that in ordinary admiralty cases attorney's fees are not recoverable as costs. *See also Burroughs v. Bd. of Trustees, et al.,* 542 F.2d 1128, 1131 (9th Cir. 1976).

The fact that this case is also grounded upon diversity jurisdiction does not change this rule. "That the district court's diversity, rather than its admiralty, jurisdiction had been invoked does not change the applicable law." *Capozziello v. Brasileiro,* 443 F.2d 1155, 1157 (2d Cir. 1971). It follows, therefore, that this case is governed by federal law and that attorney's fees are not recoverable.

IT IS SO ORDERED.