**TEXAS FARMERS INSURANCE COMPANY, Appellant,**

v.

**Guadalupe HERNANDEZ, Appellee.**

No. 07–81–0153–CV.

Court of Appeals of Texas, Amarillo.

March 4, 1983.

Rehearing Denied April 12, 1983.

Gollaher & Hart, Larry L. Gollaher, Dallas, for appellant.

James M. Gerdeman, Marshall, Carr, Evans, Fouts & Hunt, Donald M. Hunt, Lubbock, for appellee.

Before REYNOLDS, C.J., and COUNTISS and BOYD, JJ.

COUNTISS, Justice.

This suit on a fire insurance policy requires us to decide whether (1) the loss was conclusively established; (2) the law permits, and the evidence legally and factually supports, an award of attorneys fees; (3) the insurer was entitled to either a continuance because of a missing witness or the admission into evidence of the witness' ex parte unsworn statement; and (4) prejudgment interest was correctly computed and properly awarded. We reform and affirm the judgment.

Appellee Guadalupe Hernandez purchased an old building and some surrounding land for $5,000 and insured the building with appellant Texas Farmers Insurance Company for $50,000. On April 17, 1978, approximately 10 months after Hernandez insured the building, it was heavily damaged in a fire. When the insurance company refused to pay the loss, this suit was filed.

On the day of trial, the insurance company asked for a continuance because it was unable to locate a witness who had given the company a statement saying Hernandez had asked the witness to burn the building. The continuance was denied, as was the company's later request to place the statement in evidence. When the case was submitted to the jury the trial court refused the company's request for an issue on the totality of the loss, submitting only issues on intentional burning and attorney's fees.

After the jury failed to find that Hernandez caused an intentional burning of the building and found that $16,000 was a reasonable attorney's fee, the trial court rendered judgment for Hernandez for $50,000 plus $16,000 attorneys' fees and 9% prejudgment interest from June 18, 1978. In this court, the insurance company, by six points of error, presents the questions stated above.

■ The first question to be resolved, raised by the company in point of error three, is whether the trial court erred in awarding recovery for a total loss without submitting that issue to the jury. After reviewing the evidence, we are satisfied the court did not err. The testimonial and photographic evidence depicts a building that suffered extensive damage in the fire. A large segment of the roof collapsed and the wood framework, electrical wiring, door and window frames, and the rest of the interior incurred heavy heat and smoke damage. The exterior of the building also incurred smoke and heat damage at numerous locations. A City of Lubbock official described the damage in detail and testified that over seventy-five percent of the building was completely gutted by the fire. The official also testified that the building was demolished because it was not suitable for repair and nothing of value was salvaged from the building when it was demolished. Mr. Hernandez, who also described the extensive damage, testified he was unable to find anyone who could repair or rebuild the building. He also testified that he permitted the city to demolish the building instead of hiring someone to demolish it because "[n]obody would attempt to do it. It was dangerous." Finally, he testified there was nothing in the building that could be used after the fire. The insurance company offered no controverting evidence on the extent of the loss.

The insurance company's argument is identical to the argument advanced and rejected in *Aetna Cas. & Sur. Co. v. Shiflett,* 593 S.W.2d 768, 771–772 (Tex.Civ.App.— Texarkana 1979, no writ), a case containing similar evidence. In *Shiflett,* the court first analyzed the test for establishing a total loss by fire, which is "whether a reasonably prudent owner, uninsured, desiring to rebuild, would have used the remnant for restoring the building." *Glen Falls Insurance Company v. Peters,* 386 S.W.2d 529, 531 (Tex.1965). The court then discussed the burdens on the parties in a fire loss case and pointed out that if an insured establishes a prima facie case of total loss by fire, the insurance company then has the burden

of going forward with controverting evidence. *Id.* at 771. If the company does not controvert the evidence, then the fact is undisputed and conclusively established; thus there is nothing for a jury to resolve.

Here, as in *Shiflett,* the insured established a prima facie case and the insurance company did not present controverting evidence. Therefore, the loss was conclusively established and the court correctly refused the company's requested issue. Point of error three is overruled.

By points of error one and two the insurance company attacks the award of $16,000 in attorney's fees. It contends, first, that the law does not permit recovery of attorney's fees in this case and, second, if it does, the evidence is factually and legally insufficient to support the award.

Because attorney's fees are not recoverable at common law, *New Amsterdam Casualty Co. v. Texas Industries, Inc.,* 414 S.W.2d 914 (Tex.1967), and were not agreed to in the insurance contract in question here, Hernandez is entitled to recover attorney's fees only if the statutes of this state permit a recovery. The general attorney's fees statute, upon which he relies, art. 2226, Tex.Rev.Civ.Stat.Ann. (Vernon 1982), as pertinent here, provides as follows:

Any person, having a valid claim against a corporation founded on written contracts, may present the same to such corporation or to any duly authorized agent thereof; and if, at the expiration of 30 days thereafter, payment for the just amount owing has not been tendered, the claimant may, if represented by an attorney, also recover, in addition to his claim and costs, a reasonable amount as attorney's fees. The usual and customary fees in such cases shall be presumed to be reasonable, but such presumption may be rebutted by competent evidence. The provisions hereof shall not apply to contracts of insurers issued by insurers subject to the provisions of the Unfair Claim Settlement Practices Act (Article 21.21–2, Insurance Code), nor shall it apply to contracts of any insurer subject to the

provisions of Article 3.62, Insurance Code, or to Chapter 387, Acts of the 55th Legislature, Regular Session, 1957, as amended (Article 3.62–1, Vernon's Texas Insurance Code), or to Article 21.21, Insurance Code, as amended, or to Chapter 9, Insurance Code, as amended, and each such article or chapter shall be and remain in full force and effect. This Act shall be liberally construed to promote its underlying purposes.

■ Because it is undisputed that the company is a corporation and the contract is written, the initial provisions of the statute permit Hernandez to recover attorney's fees. The insurance company argues, however, that the statute is inapplicable because the latter provisions of the statute exempt insurance contracts that are subject to various provisions of the Insurance Code. Because all insurance contracts are subject to the Insurance Code, says the company, Hernandez cannot recover attorney's fees under the article.

The same argument was rejected in *Prudential Ins. Co. of America v. Burke*, 614 S.W.2d 847, 850 (Tex.Civ.App.—Texarkana 1981) writ ref'd n.r.e., 621 S.W.2d 597 (Tex. 1981). In that case, the court of civil appeals pointed out that, in excluding various insurance contracts from the statute, "the purpose of Article 2226 was to exclude only those claims against insurance companies where attorney's fees were already available by virtue of other specific statutes, as they are in those which Article 2226 specifically mentions." In refusing the writ, n.r.e., the Supreme Court stated that the Court of Civil Appeals correctly decided the case. *Id.*

The effect of art. 2226, as construed by the *Burke* case, is that attorney's fees can be recovered in all suits on insurance contracts. If the suit is brought under one of the provisions of the Insurance Code specifically mentioned in the latter part of the statute, the attorney's fees statute applicable to that specific provision will control the award; otherwise, recovery is permitted under the initial and general provisions of the statute. We agree with and adopt the construction of the statute as stated in *Burke*. *Accord, Aetna Fire, Etc. v. Southwestern, Etc.*, 626 S.W.2d 99, 103 (Tex.Civ. App.—Beaumont 1981, writ ref'd n.r.e.).

Having concluded that Hernandez is permitted to recover attorney's fees in this case, we must next decide whether he evidentiarily established his entitlement to them.

An attorney testified, in response to a hypothetical question, that a contingent fee of one-third of the total recovery would be the normal, standard and reasonable fee for representing the claimant in this kind of case. He also testified that "I would assume that there was quite a bit of work here and that, certainly, would make the third very reasonable." He further testified that $25,000 would be a reasonable attorney's fee for the work done. The latter statement apparently referred to an earlier portion of the witness' testimony, which concerned the method of computing the contingent fee.

■ Art. 2226 permits recovery of "a reasonable amount as attorney's fees" and states that the "usual and customary fees in such cases shall be presumed to be reasonable...." In the record before us, there is unrebutted testimony that a fee of one-third of the amount recovered is the normal contingent fee arrangement and would be a reasonable fee under the facts of this case. We are satisfied the foregoing evidence is sufficient under the statute to support the award. The claim was for $50,000 and the $16,000 is well within the range of one-third of the total recovery.

Relying on *Prudential Ins. Co. v. Uribe*, 595 S.W.2d 554, 570 (Tex.Civ.App.—San Antonio 1979, writ ref'd n.r.e.) and similar cases, the insurance company argues that contingent fee evidence is "no evidence." The cases cited by the company advance the principle that a reasonable fee is the amount a litigant would pay his or her attorney for prosecuting the case and not a speculative fee based on the uncertainty of litigation. We note, however, that the cases cited by the company were based on

either art. 3.62 of the Insurance Code or the pre-1979 version of art. 2226.

■ We do not believe the foregoing authority is applicable in this case. Art. 2226 is to be "liberally construed to promote its underlying purposes." The stated purpose of the statute is to permit the recovery of reasonable, usual and customary attorney's fees in the circumstances described in the statute. If there is evidence that the reasonable or usual and customary fee is a contingent fee for a particular percentage of the claim or the recovery, that evidence provides an evidentiary foundation upon which the fact finder can calculate the award. To say that such evidence is "no evidence" is to perpetuate a fiction. We hold, therefore, that contingent fee evidence will support an award of attorney's fees under art. 2226 if the evidence satisfies the tests stated in the statute, is otherwise admissible and is sufficiently detailed to permit the fact finder to calculate the award. *Accord, Wenk v. City National Bank*, 613 S.W.2d 345, 352 (Tex.Civ.App.—Tyler 1981, no writ). *See Mecey v. Seggern*, 596 S.W.2d 924, 929 (Tex.Civ.App.—Austin 1980, writ ref'd n.r.e.); *Horizon Properties Corporation v. Martinez*, 513 S.W.2d 264, 266 (Tex.Civ.App.—El Paso 1974, writ ref'd n.r.e.). Points of error one and two are overruled.

■ By points four and five, the insurance company presents the problem of the missing witness. During the investigation of the fire, the company obtained, in September, 1979, an unsworn written statement from an acquaintance of Hernandez named Gilbert Garza. The information in the statement lends support to the company's arson defense. Garza disappeared after he gave the statement and the company's attempts to depose him in October, 1980, and subpoena him for trial were unsuccessful. On the morning of the trial, the company sought, but was denied, a continuance because Garza was missing. In presenting the motion, the company's counsel admitted that he did not expect to be able to bring Garza to court to testify, but expressed the hope that he might be able to depose Garza if he could find him. During the trial, the company unsuccessfully sought to enter the statement in evidence. We are satisfied both of the trial court's rulings were correct.

Granting or denying a continuance is within the discretion of the trial court and reversible error only if that discretion is abused. *Kieffer v. Miller*, 560 S.W.2d 431, 432 (Tex.Civ.App.—Beaumont 1977, writ ref'd n.r.e.). In this case, the company was unable to show when, if ever, Garza's testimony would be available. In addition, the company waited almost a year after taking the statement before attempting to depose the witness, thus failing to exercise due diligence. *Fritsch v. J.M. English Truck Line*, 151 Tex. 168, 246 S.W.2d 856 (1952). Either event is sufficient reason to deny the continuance.

■ The trial court also correctly refused to admit the witness' unsworn hearsay statement. Although such a statement may be admissible as an exception to the hearsay rule in certain narrowly defined situations, see 1A R. Ray, Law of Evidence § 1001–1007 (Texas Practice 3d ed. 1980); *Hall v. White*, 525 S.W.2d 860 (Tex.1975); *Dixon v. Huggins*, 495 S.W.2d 621 (Tex.Civ. App.—Waco 1973, writ dism'd), the elements of the exception were not satisfied here. Among other things, the company was required to show that the statement was against the witness' pecuniary or proprietary interest. *Duncan v. Smith*, 393 S.W.2d 798 (Tex.1965). That showing was not made. The statement is essentially a self serving recitation of the witness' refusal to participate in a possible crime and neither it nor any evidence about it affects his pecuniary or proprietary interest.

■ The company also says the statement is against Garza's penal interest. If it is, it still is not admissible. *Hill v. Robinson*, 592 S.W.2d 376, 381–382 (Tex.Civ.App. —Tyler 1979, writ ref'd n.r.e.). Grounds of error four and five are overruled.

By its final point, the insurance company attacks that portion of the judgment awarding 9% prejudgment interest from

June 18, 1978. Hernandez concedes error in assessing interest at 9%, and agrees with the company that 6% is the proper rate under the statute in effect when the cause of action arose. Tex.Rev.Civ.Stat.Ann. art. 5069–1.03 (Vernon 1971); *Miner-Dederick Const. Corp. v. Mid-Cty. Rental,* 603 S.W.2d 193 (Tex.1980).

 The parties also agree that prejudgment interest is recoverable. They do not agree, however, on the date on which the prejudgment interest begins. Pointing to the policy provision that requires payment within 60 days after proof of loss, and his uncontroverted pleading, under Rule 93(m) of the Texas Rules of Civil Procedure, that he filed proof of loss "immediately" after the fire of April 17, 1978, Hernandez says interest began to run on June 18, 1978, as assessed by the trial court. The insurance company says, absent evidence of the date when the proof of loss was filed, interest began on May 14, 1979 when the company denied liability by filing its original answer in this case. We agree with the company.

If Hernandez had proved the date upon which he filed his proof of loss, he would have been entitled to interest beginning 60 days after that date, because the policy requires payment within 60 days. However, when the date is not established, interest begins when liability is denied. *New York Underwriters Ins. Co. v. Coffman,* 540 S.W.2d 445, 457 (Tex.Civ.App.—Ft. Worth 1976, writ ref'd n.r.e.). That date, in this case, is May 14, 1979, when the company denied liability by responding to the suit with a general denial.

 Hernandez argues that "immediately" means "without an interval of time, interruption or lapse," citing *C. & R. Transport, Inc. v. Campbell,* 406 S.W.2d 191 (Tex. 1966) and *American Central Ins. Co. v. Crespi and Co.,* 218 S.W.2d 269 (Tex.Civ. App.—Austin 1949, no writ). He then reasons that, because the company did not, under Rule 93(m), deny his pleading of immediate notice and proof of loss, we must construe his pleadings to mean he gave notice and proof of loss the day following the fire. Regardless of its definition, "im-

mediate" is a relativistic term that does not necessarily or even suggestively establish a certain date for anything. Its use does not satisfy the burden imposed on Hernandez in this case. Point of error six is sustained.

The judgment of the trial court is reformed to assess prejudgment interest at 6% per annum on the sum of $50,000 from May 14, 1979 to May 12, 1981. In all other respects the judgment is affirmed.