**INA OF TEXAS**

v.

**John G. RICHARD, d/b/a Restless Towing Company**

v.

**TEXAS INSURANCE AGENCY, INC., T.E. Moor, Inc.**

C.A. No. H–72–1152.

United States District Court,
S.D. Texas,
Houston Division.

June 17, 1987.

Clann, Bell & Murphy, Houston, Tex., for plaintiff.

Iris Heftner Robinson, Hicks, Hirsch, Glover, Robinson & Sheiness, Houston, Tex., for cross-defendant.

Doug Cherry, Webster, Tex., for defendant.

## ORDER

CARL O. BUE, Jr., District Judge.

The matter before the Court concerns an infrequently encountered issue in Texas law, specifically, a litigant's entitlement to

recover attorneys fees on a marine insurance contract where the underlying dispute has been settled by the parties.

## Background

In March of 1981, the Defendant, John G. Richard, d/b/a Restless Towing Company (hereafter "Richard"), entered into a marine insurance policy with the Plaintiff, Insurance Company of North America of Texas (hereafter "INA"). On September 12, 1981, the TUG RESTLESS, a marine vessel insured under the policy, sank while moored at a dock in Harris County, Texas. Richard filed his first statement of loss on December 2, 1981, which was subsequently rejected by INA for failure to state the cause of loss covered under the policy. In January of 1982, Richard submitted a second statement of loss alleging that crew negligence caused the M/V RESTLESS' sinking. Again INA denied coverage. In April 1982, INA filed this declaratory judgment action seeking to preclude Richard's recovery under the marine insurance policy. Richard counterclaimed against INA and joined two third parties, the Texas Insurance Agency and T.E. Moor. Richard filed three amended counterclaims against INA, initially alleging "deceptive representations and flagrant violations" of the Texas Business and Commerce Code, the Texas Insurance Code article 21.21, and common law fraud. In a third amended cross action, which was unopposed by INA, Richard requested costs, damages and attorneys fees under Article 2226 of the Texas statutes. TEX.REV.CIV.STAT.ANN. art. 2226 (Vernon Supp. 1984). Effective September 1, 1985, Article 2226 was repealed by the Texas Legislature, by Acts 1985, 69th Leg., 7218, Ch. 959, § 9(1) and replaced by Chapter 38 of the Civil Practice and Remedies Code. Richard also based his claim on the previously enumerated provisions of the Texas Insurance Code and the Business and Commerce Code.

As discovery progressed, deposition testimony revealed that the cause of the Tug's sinking was the negligence of a crew member who left open the bilge pump overboard discharge valve causing the vessel to sink. The valve was later closed by a crewman to conceal the cause of loss from the vessel's owner and insurer. Based on this new information, INA offered to settle the declaratory judgment action by paying to Richard the policy limits of $165,000.00 as settlement.

On January 10, 1984, settlement was reached. Pursuant to the settlement agreement, Richard released his claims for punitive or treble damages including those under the Deceptive Trade Practices Act, Article 21.21 of the Texas Insurance Code and claims of common law fraud. The settlement agreement contained the following language:

I understand that a condition of this settlement and part of the consideration to INSURANCE COMPANY OF NORTH AMERICA OF TEXAS for their agreement to this settlement, is the submission to the Court conducting the aforementioned litigation of the necessary documents confining trial of the case and judgment thereon on the sole issue of recovery of attorney's fees and interest pursuant to Vernon's Annotated Statutes and the Court's acceptance of this settlement agreement.

Because the parties expressly agreed to sever the question of attorneys fees from the settlement agreement, the Court entertained summary judgment motions and ruled that Richard was not entitled to recover fees. Subsequently, the Fifth Circuit Court of Appeals remanded the case for the Court to determine whether Texas law affords Richard the right to recover his fees. 800 F.2d 1379. After carefully examining the entire record in this proceeding and the current state of the law, the Court concludes that Richard is entitled to an award of attorneys fees, and therefore vacates the order dated November 5, 1984.

## Federal Maritime Law and State Attorney Fee Statutes

■ Although certain federal courts have previously held to the contrary, it is now settled that the interpretation of a contract of marine insurance is, in the absence of a specific and controlling federal

rule, to be determined by appropriate state law. *Wilburn Boat v. Fireman's Fund Ins. Co.*, 348 U.S. 310, 75 S.Ct. 368, 99 L.Ed. 337 (1955); *Ingersoll Rand Financial Corp. v. Employers Ins. of Wausau*, 771 F.2d 910, 912 (5th Cir.1985), *cert. denied*, —— U.S. ——, 106 S.Ct. 1263, 89 L.Ed.2d 573 (1986).

While this Court was previously prone to give considerable weight to the reasoning of the Honorable Hugh Gibson in *Brazosport Towing Co. Inc. v. Donjon Marine Co., Inc.*, 556 F.Supp. 640 (S.D.Tex.1983), and cases cited therein, the Fifth Circuit has made clear in its remand that attorney fee awards under marine insurance contracts as of this date are to be resolved by reference to state law and state statutes. In *Brazosport Towing, supra,* the District Court applied traditional principles of admiralty law in holding that the obtaining of attorney fees in an action to recover amounts owed under an oral charter for hire of a tug boat were not recoverable, as such allowance would "redefin[e] the requirements or limits of a remedy available at admiralty." *Id.* at 644, *citing, Powell v. Offshore Navigation, Inc.*, 644 F.2d 1063, 1065 n. 5 (5th Cir.), *cert. denied*, 452 U.S. 972, 102 S.Ct. 521, 70 L.Ed.2d 391 (1981). Relying on authority refusing to allow recovery of attorney fees under a marine insurance contract under Alaskan law, the *Brazosport* Court concluded that recovery of attorney fees would interfere with the uniformity of maritime law. 556 F.Supp. at 644; and *see, Kalmbach, Inc. v. Ins. Co. of the State of Pennsylvania*, 422 F.Supp. 44 (D. Alaska 1976).

Admiralty courts historically have denied attorney fees absent federal statutory authority or other exceptional circumstances. *See Noritake Co. v. M/V Hellenic Champion*, 627 F.2d 724 (5th Cir.1980); *Compania Anonima Venezolana de Navegacion v. A.G. Salar & Co.*, 1977 A.M.C. 1786 (S.D.Tex.1977); *Crispin Co. v. M/V Korea*, 251 F.Supp. 878 (S.D.Tex.1965). Texas state courts, however, have tended to expand attorney fee recovery in a manner distinctly contrary to traditional admiralty principles. *See, e.g., Jones v. Kelly*, 614 S.W.2d 95 (Tex.1981); *Prudential Ins. Co.*

*of America v. Burke*, 614 S.W.2d 847 (Tex. Civ.App.—Texarkana 1981, writ ref'd n.r.e. per curiam, 621 S.W.2d 596 (Tex.1981)); *Texas Farmers Ins. Co. v. Hernandez*, 649 S.W.2d 121 (Tex.App.—Amarillo, 1983, writ ref'd n.r.e.). (Expanding and liberalizing recovery of attorney fees where insurance contracts are involved under former article 2226 TEX.REV.CIV.STAT.). Inasmuch as state law is to control the interpretation of a marine insurance policy and the award *vel non* of attorneys fees under such policy, the application of the Texas statutes eliminates any further consideration of the general federal rule in admiralty in this case.

### Article 2226

■ Richard specifically requests attorney fees under former article 2226. INA argues, however, that because Richard originally counterclaimed under article 21.-21, he cannot now claim entitlement under former article 2226. INA, however, overlooks the fact that in its third amended unopposed cross claim, Richard specifically requested attorney fees under article 2226. In addition, Texas law does not support INA's contention. Even assuming that Richard failed to plead the applicable statute, Texas law unquestionably holds that a plaintiff need only plead facts which, if true, entitle him to the relief sought. Texas does not require a plaintiff to specifically plead case authority or statutes to receive that relief. *See Colbert v. Dallas Joint Stock Land Bank*, 129 Tex. 235, 102 S.W.2d 1031, 1033 (1937); *Bellefonte Underwriters Ins. Co. v. Brown*, 663 S.W.2d 562 (Tex.App. 14 Dist. 1983). The *Bellefonte* court further pointed out that pleading an incorrect or inapplicable theory or statute as was done in that case does not preclude an award. *Id.* at 575; *National Bank v. Texas Investment Co.*, 74 Tex. 421, 12 S.W. 101, 103 (1889). This Court therefore concludes that Richard has suffered no procedural default through insufficient pleading that precludes the Court from applying article 2226 to the case at bar.

As previously noted, TEX.REV.CIV. STAT.ANN. art. 2226 (Vernon Supp. 1984) has been repealed and recodified at TEX. CIV.PRAC. & REM.CODE § 38.001 (Vernon 1986). INA concedes that the new code is not intended to make substantive changes. *See* TEX.CIV.PRAC. & REM. CODE § 1.001(a).

Former article 2226 contained the following language:

> Any person ... having a valid claim against a person or corporation ... [in a suit] founded on oral or written contracts, may present the same to such persons or corporations ... and if, at the expiration of 30 days thereafter, payment ... has not been tendered, the claimant may ... also recover, in addition to his claim and costs, a reasonable amount as attorney fees.

TEX.REV.CIV.STAT.ANN. art. 2226 (Vernon Supp. 1984). Article 2226 also contained an exclusionary clause applicable to insurance contracts subject to certain sections of the Texas Insurance Code. However, the exclusionary clause applies only to exclude those claims against insurance companies in which attorneys fees are already available under the specified statutes. *Prudential Ins. Co. of America v. Burke*, 614 S.W.2d 847, 850.

In *Prudential v. Burke, supra*, the Court of Civil Appeals commenced an expansive interpretation of the attorney fees statute. The plaintiff initially sought either damages, specific performance or declaratory judgment against Prudential for its refusal to change the beneficiary on its life insurance policy. The trial court concluded that Prudential was obligated to effect the change of beneficiary and awarded attorney fees based on article 2226. *Id.* at 850.

The Court of Civil Appeals in *Burke* at first deleted the provision awarding attorney fees; however, on rehearing the Court followed a more recent Texas Supreme Court opinion which expanded recovery of fees and upheld the award. Interpreting *Jones v. Kelley, supra*, in which the Texas Supreme Court ruled that fees were recoverable under article 2226 in a suit to specifically enforce a contractual obligation to convey real estate, the Court of Civil Appeals concluded that the purpose of the exclusionary clause of article 2226 which denied fees to contracts of insurance companies subject to the Insurance Code's Unfair Claims Settlement Practices Act, the Unfair Competition and Unfair Practices Act and Section 3.62 of the Insurance Code was to exclude only those claims against insurance companies in which attorney fees were already available by virtue of other specific statutes. 614 S.W.2d at 850. Because none of the enumerated code provisions would allow fees to the plaintiff, the Court of Civil Appeals held that in view of the legislative mandate that article 2226 be liberally construed, fees were properly awarded. *Id.* at 850.

More recently, the Court of Appeals took the liberal trend toward awarding attorney fees one step further. In *Texas Farmers Ins. Co. v. Hernandez*, 649 S.W.2d 121 (Tex.App. [7 Dist.], Amarillo 1983, writ ref'd n.r.e.), the plaintiff brought suit against the insurance company that refused to pay for a loss under a fire insurance policy. After the insurance company's liability was conclusively established, the trial court awarded attorney fees under article 2226. *Id.* at 123. On appeal, the insurance company presented the same argument that INA raises and that the Court of Civil Appeals rejected in *Prudential v. Burke, supra*—that article 2226 was inapplicable because the latter provisions of the statute exempt insurance contracts subject to the various provisions of the Insurance Code.

In sum, the Court in *Hernandez* held that the effect of *Burke* is that attorney's fees can be recovered in all suits on insurance contracts. If the suit is brought under one of the provisions of the Insurance Code specifically mentioned, the attorney's fees statute applicable to that specific provision will control the award; otherwise, recovery is permitted under the initial and general provisions of the statute. 649 S.W.2d at 124. Recent cases interpreting the successor to article 2226, § 38.001 of TEX.CIV.PRAC. & REM.CODE, support

this same result. *See Barnett v. Aetna Life Ins. Co.*, 723 S.W.2d 663 (Tex.1987) (permitting recovery of attorney fees on an insurance policy to recover V.A. benefits); *Gates v. City of Dallas*, 704 S.W.2d 737 (Tex.1986) (City liable for attorney fees for failure to pay insurance benefits where summary judgment entered as to accrued benefits and parties stipulated that City would pay future claims); and *Ischy v. Twin City Fire Ins. Co.*, 718 S.W.2d 885 (Tex.App.—Austin, 1986, writ ref'd n.r.e.) (insurance company liable for claimant's attorney fees accrued against a third party tort feasor where company acknowledged its liability and initially paid claimant benefits due under policy).

An exhaustive review of the other statutes that Richard initially relied on reveals that none of them provide for Richard's recovery of his attorney fees. Accordingly, Texas law requires an award of fees pursuant to Art. 2226. TEX.INS.CODE art. 21.21.

■ As one basis for recovery of fees, Richard relies on article 21.21 of the Texas Insurance Code. Under article 21.21, Richard is only entitled to recover on a finding by the Court that an action brought under that section was "groundless and brought in bad faith or brought for the purpose of harassment." TEX.INS.CODE art. 21.21 § 16(c). The record reveals that no such finding was ever made by the Court; therefore, Richard is not entitled to fees under article 21.21.

### Texas Deceptive Trade Practice Act

■ As a basis for recovery in his third amended cross action, Richard sought fees under Section 17.46 of the Texas Business and Commerce Code which makes certain deceptive trade practices unlawful. However, absent a judgment for actual damages, an award of attorney fees under the Texas Deceptive Trade Practices Act cannot stand. *Freedom Homes of Texas, Inc. v. Dickinson*, 598 S.W.2d 714 (Tex.Civ.App. —Corpus Christi 1980, writ ref'd n.r.e.). Accordingly, since no judgment was entered when fees were initially sought, Richard is not entitled to fees under § 17.46.

### Texas Insurance Code § 3.62

■ As part of the "catch-all" provision in his third amended cross-action, Richard relied on article 3.61 of the Texas Insurance Code as a basis for recovery. That section deals specifically with the validity of a life insurance company's certificate of authority. However, art. 3.62 governs penalties and payment of fees when a delay in payment occurs. Assuming that this section is applicable to Richard's claim, the Court observes that Richard relies solely on article 2226, and has produced no competent evidence to demonstrate that recovery under article 3.62 is proper.

■ Richard has failed to produce competent evidence of the reasonableness of his fee under article 3.62 and under former article 2226. As a general rule, attorneys fees in insurance cases must be reasonable and bear some reasonable relationship to the amount in controversy, and the reasonableness of the attorney's fees is a question of fact. *Union National Life Insurance Co. v. Reese*, 476 S.W.2d 928 (Tex.Civ. App.—Houston [14th Dist.] 1972, writ ref'd n.r.e.); *Stanush v. Aetna Life Ins. Co.*, 538 S.W.2d 648 (Tex.Civ.App.—San Antonio 1976, writ ref'd n.r.e.).

In support of Richard's request for attorney fees, counsel for Richard submitted an affidavit and letter seeking a contingency fee of 45% of the settlement agreement equalling $74,250.00, claiming that this amount represents the usual and customary fee arrangement and the contractual agreement with Richard. INA strongly contests an award of this type arguing that it fails to apportion those fees directly attributable to INA as opposed to fees incurred against the third party defendant, T.E. Moore.

By order of the Court dated March 5, 1987, counsel for Richard was instructed to submit an affidavit containing in detail hours spent on the case, and to justify the reasonableness of the fee requested. In response to the Court's order, counsel for Richard submitted an affidavit in which he stated that his firm works exclusively on a

contingent fee basis and that daily records of hours spent by individual attorneys are not maintained. Counsel also stated that he believed 450 hours "more or less" were expended prosecuting this action. The Court's order was issued over two months ago. Despite two telephone conversations with Richard's attorney regarding attempts to comply with the order, no concrete documentary evidence has been presented to substantiate the necessity and reasonableness of the amount requested. Counsel has merely submitted a list of all documents contained in the case file including pleadings prepared by opposing counsel.

Accordingly, because material fact issues exist regarding the amount of fees Richard is entitled to under article 2226, an evidentiary hearing will be conducted at which time Richard again will be given the opportunity to justify his fee. Focus of the hearing should be on what amount is reasonable under article 2226 and the circumstances of this case and what impact a contingency fee factor imposes on a court in arriving at a reasonable award of attorneys fees under the statute. Counsel will be notified of the date of the hearing by the Clerk of the Court. Legal memoranda on these issues will be due seven (7) days before the hearing.