■ OTTO ENGELHARD et al., Individually and in Behalf of All Other Persons Similarly Situated in Cord Meyer Development in Forest Hills, Appellants, v. CORD MEYER DEVELOPMENT COMPANY et al., Respondents.— In a declaratory judgment action, in which the plaintiff owners of private dwellings in a residential community designed by a common grantor, sought, among other things, to enjoin, as violative of certain "standard restrictive covenants", the construction of a private hospital upon land within said community, plaintiffs appeal: (1) from a judgment of the Supreme Court, Queens County, entered June 27, 1961 upon the decision of the court after a nonjury trial, which dismissed the complaint upon the merits; and (2) from an order of said court, dated August 24, 1961, which denied their motion, made pursuant to section 549 of the Civil Practice Act, to set aside said decision and for a new trial. Judgment and order affirmed, with one bill of costs. No opinion. Ughetta, Acting P. J., Kleinfeld, Christ, Hill and Rabin, JJ., concur.

■ G. THURMAN FULMER, Appellant, v. LESLIE O. ASHTON et al., Copartners, Known as ASTORIA MEDICAL GROUP, Respondents.— In an action for a declaratory judgment wherein the Official Referee who tried the case died after rendition of his decision but before entry of a judgment thereon, the plaintiff appeals: (a) from an order of the Supreme Court, Queens County, dated March 8, 1961, which directed the entry of judgment and denied plaintiff's cross motion for a rereferral of certain issues; and (b) from the judgment of said court entered March 8, 1961 on the decision of the Referee. Order affirmed, without costs. Judgment modified by deleting the words "together with the costs and disbursements of this action as taxed in the sum of $177.85 and that the defendants have execution therefor". As so modified, the judgment is affirmed, without costs. The deceased Official Referee made no finding concerning plaintiff's claim for a larger share of the 1955 income. In our opinion, plaintiff failed to establish that he was entitled to more than he received for that year, and we accordingly now make such a finding in support of the judgment. It was improper to include an award of costs in the judgment, since the decision of the deceased Referee contained no provision for costs (Civ. Prac. Act, § 79-a; Rules Civ. Prac., rules 198, 214; *Metropolitan Life Ins. Co.* v. *Union Trust Co.,* 294 N. Y. 254, 259; *Loeschigk* v. *Addison,* 3 Robt. 331). Beldock, P. J., Ughetta, Kleinfeld, Christ and Rabin, JJ., concur.