Keating, J.
Mrs. Stephanie Kurek, the plaintiff in this action, was a tenant in a housing project operated by the Port Chester Housing Authority. In the basement of the apartment house in which Mrs. Kurek resided there was located a common laundry room containing coin-operated washing machines for use by the tenants.
These machines were owned and serviced by the defendant John Liammari, doing business as the Westchester Metered Laundry Service. In return for allowing the machines to be placed in the basement of the apartment house and supplying the water and electrical power needed for the operation of the *455 machines, the Authority received a stated monthly sum as well as a percentage of the revenue collected.
Mrs. Kurek was injured when the machine from which she was removing her wash suddenly started up again, after it appeared that the machine had come to a complete stop, the dial was at ” off ”, and a red light had flashed on indicating that the machine was ready for a new load of wash.
This action for personal injuries and loss of services was commenced by Mrs. Kurek and her husband against both the Port Chester Housing Authority and John Liammari.
The Authority cross-claimed for indemnity against Liammari. The first of these claims was predicated upon an indemnification provision in the contract between them and the second was predicated upon a common-law right of indemnification. The determination of these cross claims was, by stipulation of the parties, left to the Trial Judge.
The jury returned a verdict for the plaintiff against both defendants and the Trial Judge found in favor of the Authority on its contractual cross claim. The Appellate Division affirmed the judgment upon a stipulation by the plaintiffs agreeing to accept a reduced judgment.
Two questions are raised upon this appeal, first, whether there is evidence in the record sufficient to justify the verdict in plaintiffs ’ favor against the two defendants, and secondly, whether the Trial Judge was correct in allowing recovery on the cross claim in favor of the defendant Port Chester Housing Authority.
We believe that there was sufficient evidence in the record from which the jury could have reached its determination that the injury to the plaintiffs resulted from the negligence of both defendants.
Likewise, we believe that the Trial Judge was correct in allowing the Authority’s contractual cross claim for indemnification.
Under the theory upon which the case was tried a verdict against the Authority could have been sustained only if the jury found that the Authority had actual notice of the defective operation of the machine and had neglected to have it promptly repaired or to warn tenants of the danger involved in its use. The Authority was thus “ actively ” negligent, as that term has been defined for the purpose of determining whether a right to indemnification exists. As a result the Authority cannot recover *456 under the common-law theory of indemnification (Jackson v. Associated Dry Goods Corp., 13 N Y 2d 112; Adler v. Tully & Di Napoli, 300 N. Y. 662).
The right of the Authority, under these circumstances, to recover indemnification on the basis of a contractual provision, depends upon the intent of the parties and the manner in which that intent is expressed in the contract. Because it is unnatural that one would agree to indemnify another, when he would otherwise be under no such legal obligation, we have, in construing these provisions, stated that “ contracts will not be construed to indemnify a person against his own negligence unless such intention is expressed in unequivocal terms ” (Thompson-Starrett Co. v. Otis Elevator Co., 271 N. Y. 36, 41).
On the other hand, because a common-law right to indemnification is available, even in the absence of a contractual provision, where the negligence of the party seeking indemnification is deemed to be “ passive ”, courts should be wary of construing these provisions in such a manner that they become absolutely meaningless. Therefore, indemnification has been permitted under contractual provisions though the language of those provisions fell short of expressly stating that its coverage extended to the active negligence of the party to be indemnified where, as here, that appears to have been the unmistakable intent of the parties. (See Jordan v. City of New York, 3 A D 2d 507, 509, affd. 5 N Y 2d 723; Turner Constr. Co. v. Rockwood Sprinkler Co., 275 N. Y. 635, cited and discussed with approval in Walters v. Rao Elec. Equip. Corp., 289 N. Y. 57, 62.)
The contract in the case at bar contained the following clause relating to indemnification: “8. (a) The Licensee agrees to hold the Authority and State of New York harmless against all claims and demands of persons not parties to this agreement, of whatsoever kind or nature, which may arise in connection with the installation, operation, maintenance, servicing, supervision, ownership and control of the Machines, or any other equipment installed or operated, pursuant to this Contract, or which may arise in the performance of this Contract.”
The terms of this clause are certainly sufficiently broad to allow indemnification even though the injury to the plaintiff was caused, in part, by the active negligence of the party seeking indemnification. It provides indemnification against “ all claims *457 and demands ” of third persons “ of whatsoever hind or nature ” arising out of “ the installation, operation, maintenance, servicing, supervision, ownership and control of the Machines ” (emphasis added).
The claim against the Authority was a claim which arose out of the operation and maintenance of the machine. Unless we are to disregard the clear and unequivocal wording of this agreement and engraft an exception to the ‘ ‘ claims * * * of whatsoever kind or nature ” for which indemnification is provided, the agreement must be held applicable here.
The judgment of the Appellate Division should be affirmed in all respects.
Chief Judge Desmond and Judges Fuld, Van Vookhis, Bukjke, Scileppi and Beegan concur.
Judgment affirmed, without costs.