■ Jose Canela, Plaintiff, v TLH 140 Perry Street, LLC, et al., Respondents, and Andrews Building Corp. et al., Appellants. [849 NYS2d 658]—

In an action to recover damages for personal injuries, the defendants Andrews Building Corp. and 140 Perry Street Condominium appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Bayne, J.), dated October 6, 2006, as denied that branch of their motion which was for entry of judgment against the defendants TLH 140 Perry Street, LLC, and David Smilow, as contractual indemnification, for the amount of the settlement proceeds they paid to the plaintiff and for the amount of their attorney's fee incurred in defending the action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the appellants' motion which was for entry of judgment against the defendants TLH 140 Perry Street, LLC, and David Smilow, as contractual indemnification, for the amount of the settlement proceeds they paid to the plaintiff and for the amount of their attorney's fee incurred in defending the action is granted.

The plaintiff allegedly was injured while performing alteration work in a condominium unit owned by the defendants TLH 140 Perry Street, LLC, and David Smilow (hereinafter the Unit Owners). After a trial on the issue of liability, the action was settled and the damages were paid by the defendants Andrews

Building Corp. and 140 Perry Street Condominium (hereinafter the appellants). During the settlement the appellants expressly reserved the right to contractual indemnification. They thereafter moved, inter alia, for entry of judgment against Unit Owners, as contractual indemnification for the amount of the settlement proceeds they paid to the plaintiff and for the amount of their attorney's fee incurred in defending the action. The Supreme Court denied such relief. We reverse.

The right to contractual indemnification depends upon the specific language of the contract (*see Kader v City of N.Y., Hous. Preserv. & Dev.*, 16 AD3d 461, 463 [2005]). The intent to indemnify must be clearly implied from the language and purposes of the entire agreement and the surrounding circumstances (*see Drzewinski v Atlantic Scaffold & Ladder Co.*, 70 NY2d 774, 777 [1987]; *Margolin v New York Life Ins. Co.*, 32 NY2d 149, 153 [1973]). Here, the agreement between the appellants and the Unit Owners concerning the underlying alteration work does not meet this standard (*cf., Drzewinski v Atlantic Scaffold & Ladder Co.*, 70 NY2d 774 [1987]; *Margolin v New York Life Ins. Co.*, 32 NY2d 149 [1973]). However, the relevant condominium bylaws provide that, even in the absence of an express written agreement, all unit owners making alterations to their units are deemed to agree "to indemnify and hold the [appellants] . . . harmless from and against any such liability, cost and expense" arising from such alteration work. The terms "such liability, cost and expense" specifically refer to, inter alia, "any claim for personal injury or property damage" arising from the alteration work. These bylaws, which are binding on the Unit Owners (*see* Real Property Law § 339-j; *Board of Mgrs., Washington's Headquarters Townhouses Condominium v Gottlieb*, 186 AD2d 525, 526-527 [1992]), are sufficient to impose a duty upon the Unit Owners to indemnify the appellants for the amount of the settlement proceeds they paid to the plaintiff and for the amount of their attorney's fee incurred in defending the action (*see Watral & Sons, Inc. v OC Riverhead 58, LLC*, 34 AD3d 560, 563-564 [2006]; *Torres v Morse Diesel Intl., Inc.*, 14 AD3d 401, 403 [2005]; *Klock v Grosodonia*, 251 AD2d 1050 [1998]; *DiPerna v American Broadcasting Cos.*, 200 AD2d 267, 269-270 [1994]).

The parties' remaining contentions are without merit. Skelos, J.P., Ritter, Miller and Covello, JJ., concur.