■ ELSAYED ELDOH, Plaintiff, v ASTORIA GENERATING COMPANY, LP, et al., Defendants and Third-Party Plaintiffs, and AAR ENGINE COMPONENTS SERVICES, INC., Defendant and Third-Party Plaintiff-Respondent. AMERTECH INDUSTRIES, INC., Third-Party Defendant-Appellant, et al., Third-Party Defendant. (And Another Title.) [869 NYS2d 209]—

In the absence of a legal duty to indemnify, a contractual promise to indemnify should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding facts and circumstances (*see Altchek v DiGennaro,* 214 AD2d 527, 528 [1995]). A contract assuming an obligation of indemnification must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed (*id.*). In *Flores v Lower E. Side Serv. Ctr., Inc.* (4 NY3d 363, 369-370 [2005]), the Court of Appeals held that "the common-law rule—which authorizes review of the course of conduct between the parties to determine whether there was a meeting of minds sufficient to give rise to an enforceable contract—governs the validity of a written indemnification agreement under Workers' Compensation Law § 11."

Here, the third-party defendant Amertech Industries, Inc. (hereinafter Amertech), demonstrated its prima facie entitlement to summary judgment by submitting the affidavit of its president which stated that Amertech had no contract with the defendant AAR Engine Component Services, Inc. (hereinafter AAR Engine), other than single-sided purchase orders, each of which contained no indemnification clause. In opposition, AAR Engine submitted the affidavit of the former general manager of an affiliated entity, the defendant AAR Power Services, which stated that the purchase orders were actually two-sided, and that the reverse sides did contain indemnification provisions. Thus, there is an issue of fact as to whether the parties entered into an indemnification agreement (*see generally Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). Mastro, J.P., Rivera, Fisher and Eng, JJ., concur.