■ Maura Sherry et al., Respondents, v Wal-Mart Stores East, L.P., Appellant, and Coca Cola Enterprises, Inc., Respondent. [889 NYS2d 251]—

In an action to recover damages for personal injuries, etc., the defendant Wal-Mart Stores East, L.P., appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Orange County (McGuirk, J.), dated January 26, 2009, as granted that branch of the motion of the defendant Coca Cola Enterprises, Inc., which was for summary judgment dismissing its cross claim for contractual indemnification against Coca Cola Enterprises, Inc., and denied its cross motion for summary judgment dismissing the complaint insofar as asserted against it and for summary judgment on its cross claim for contractual indemnification against the defendant Coca Cola Enterprises, Inc.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the motion of the defendant Coca Cola Enterprises, Inc., which was for summary judgment dismissing the cross claim of the defendant Wal-Mart Stores East, L.P., for contractual indemnification against Coca Cola Enterprises, Inc., and substituting therefor a provision denying that branch of the motion, and (2) by deleting the provision thereof denying that branch of the cross motion of the defendant Wal-Mart Stores East, L.P., which was for summary judgment on its cross claim for contractual indemnification

against Coca Cola Enterprises, Inc., and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the defendant Wal-Mart Stores East, L.P., payable by the defendant Coca Cola Enterprises, Inc., and one bill of costs to the plaintiff, payable by the defendant Wal-Mart Stores East, L.P.

The plaintiff Maura Sherry (hereinafter the plaintiff) alleges that she was injured while shopping in a store owned and operated by the defendant Wal-Mart Stores East, L.P. (hereinafter Wal-Mart). The plaintiff alleges that after she removed a case of soda from a display stand constructed and stocked by the defendant Coca Cola Enterprises, Inc. (hereinafter Coca Cola), she was struck and injured by merchandise that fell from the display.

After joinder of issue, Coca Cola moved, inter alia, for summary judgment dismissing Wal-Mart's cross claim for contractual indemnification against it, which had been made pursuant to a vendor agreement previously entered into between those parties. Wal-Mart cross-moved for summary judgment dismissing the complaint insofar as asserted against it and for summary judgment on its cross claim against Coca Cola for contractual indemnification. The Supreme Court, inter alia, granted that branch of Coca-Cola's motion which was for summary judgment dismissing Wal-Mart's cross claim for contractual indemnification and denied Wal-Mart's cross motion for summary judgment dismissing the complaint insofar as asserted against it and for summary judgment on its cross claim for contractual indemnification against Coca-Cola. Wal-Mart appeals.

Even where a dangerous condition exists, a defendant may establish, prima facie, its entitlement to judgment as a matter of law by demonstrating that it did not create, or have actual or constructive notice of, the dangerous condition (see *Gullo-Georgio v Dunkin' Donuts Inc.*, 38 AD3d 836 [2007]; *Hackbarth v McDonalds Corp.*, 31 AD3d 498 [2006]). "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit [the] defendant's employees to discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]). To meet its prima facie burden that it lacked constructive notice of the alleged dangerous condition of the Coca Cola products display, it was incumbent upon Wal-Mart to "offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff [was

injured]" (*Birnbaum v New York Racing Assn., Inc.*, 57 AD3d 598, 598-599 [2008]; *see Arzola v Boston Props. Ltd. Partnership*, 63 AD3d 655 [2009]; *Braudy v Best Buy Co., Inc.*, 63 AD3d 1092 [2009]). Wal-Mart failed to meet its initial burden. The affidavit of its manager at the subject store on the date of the accident demonstrated that he had no personal knowledge of when the subject display was last stocked or inspected prior to the accident, and thus, it was of no evidentiary value with respect to such facts (*see* CPLR 3212 [b]; *Roy v City of New York*, 65 AD3d 1030 [2009]; *Arzola v Boston Props. Ltd., Partnership*, 63 AD3d at 656; *Jock v Landmark Healthcare Facilities, LLC*, 62 AD3d 1070, 1072 [2009]; *Birnbaum v New York Racing Assn, Inc.*, 57 AD3d at 598-599; *Rosenthal v Village of Quogue*, 205 AD2d 745, 746 [1994]). Similarly, the affidavit of another Wal-Mart employee, who averred that she generally passed by the subject display nine times per day, failed to state with any particularity the last time she had been in the general vicinity of the subject display prior to the accident (*cf. McClarren v Price Chopper Supermarkets*, 226 AD2d 982, 982-983 [1996]; *Maiorano v Price Chopper Operating Co.*, 221 AD2d 698, 698 [1995]). Moreover, her affidavit does not demonstrate that she actually inspected or even looked at the subject display on the date of the accident (*cf. Collins v Mayfair Super Mkts., Inc.*, 13 AD3d 330, 330 [2004]). Accordingly, the Supreme Court properly denied that branch of Wal-Mart's cross motion which was for summary judgment dismissing the complaint insofar as asserted against it.

Wal-Mart also challenges the granting of that branch of Coca Cola's motion which was for summary judgment dismissing Wal-Mart's cross claim against Coca Cola for contractual indemnification and the denial of that branch of its cross motion which was for summary judgment on that cross claim. "The right to contractual indemnification depends upon the specific language of the contract" (*George v Marshalls of MA, Inc.*, 61 AD3d 925, 930 [2009]; *see Canela v TLH 140 Perry St., LLC*, 47 AD3d 743 [2008]). "When a party is under no legal duty to indemnify, a contract assuming that obligation must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed" (*Hooper Assoc. v AGS Computers*, 74 NY2d 487, 491 [1989]).

Further, " 'contracts will not be construed to indemnify a person against his own negligence unless such intention is expressed in unequivocal terms" (*Kurek v Port Chester Hous. Auth.*, 18 NY2d 450, 456 [1966], quoting *Thompson-Starrett Co. v Otis El. Co.*, 271 NY 36, 41 [1936]). "That is not to say that the indemnity clause must contain express language referring

to the negligence of the indemnitee, but merely that the intention to indemnify can be clearly implied from the language and purposes of the entire agreement, and the surrounding facts and circumstances" (*Margolin v New York Life Ins. Co.*, 32 NY2d 149, 153 [1973]). "When the intent is clear, an indemnification agreement will be enforced even if it provides indemnity for one's own or a third party's negligence" (*Bradley v Earl B. Feiden, Inc.*, 8 NY3d 265, 275 [2007]).

Here, the indemnification clause in the vendor agreement entered into between Coca Cola and Wal-Mart provides as follows: "Vendor [Coca Cola] shall protect, defend, hold harmless, and indemnify Purchaser [Wal-Mart] from and against any and all claims, actions, liabilities, losses, costs and expenses, including reasonable attorney's fees and costs, even if such claims are groundless, fraudulent or false, arising out of any actual or alleged infringement of any patent, trademark, tradedress or copyright by any merchandise sold to the Purchaser hereunder, or arising out of any actual or alleged death of or injury to any person, damage to any property, or any other damage or loss by whomsoever suffered resulting or claimed to result in whole or in part from any actual or alleged defect in such merchandise whether latent or patent, including actual or alleged improper construction or design of said merchandise or failure of said merchandise to comply with specifications or with any express or implied warranties of Vendor, or arising out of any actual or alleged violation of said merchandise, or its manufacturers, possession or use or sale, of any law, statute or ordinance of any governmental administrative order, rule or regulation arising out of Vendor's installation of merchandise covered by this Agreement. The duties and obligations of Vendor created hereby shall not be affected or limited in any way by Purchaser's extension of express or implied warranties to its customers, except to the extent that any such warranties extend beyond the scope of Vendor's warranties, express or implied, to the Purchaser. It is further agreed that all duties and obligations of Vendor set forth in this paragraph shall extend in full force and effect to the pallets or other transport or display provided by or at the direction of Vendor."

Contrary to the Supreme Court's determination, the final sentence in the indemnification clause obligates Coca Cola to indemnify Wal-Mart for personal injuries allegedly resulting from, as the plaintiff sets forth in her amended complaint, the negligent display of the subject Coca Cola products. Moreover, the indemnification clause was not limited to claims arising out of those categories specifically set forth in the previous portion

of the clause, namely infringement, products liability, and violations of law or regulations. Thus, the indemnification clause was applicable (*see Barnes v New York City Hous. Auth.*, 43 AD3d 842, 844-845 [2007]; *McCleary v City of Glens Falls*, 32 AD3d 605 [2006]), even if Wal-Mart's own negligence may have caused the plaintiff's injuries (*see Bradley v Earl B. Feiden, Inc.*, 8 NY3d at 275; *Kurek v Port Chester Hous. Auth.*, 18 NY2d at 456-457; *Brooklyn Union Gas Co. v Interboro Asphalt Surface Co.*, 303 AD2d 532, 535 [2003]). Accordingly, the Supreme Court should have denied that branch of Coca Cola's motion which was for summary judgment dismissing Wal-Mart's cross claim for contractual indemnification, and should have granted that branch of Wal-Mart's cross motion which was for summary judgment on its cross claim for contractual indemnification against Coca Cola.

Wal-Mart's remaining contention is not properly before this Court. Mastro, J.P., Eng, Belen and Chambers, JJ., concur.