■ THOMAS ALFARO, Plaintiff v 65 WEST 13th ACQUISITION, LLC, et al., Defendants/Third-Party Plaintiffs, and MASTER-BUILDERS, INC., Defendant/Second Third-Party Plaintiff-Respondent, et al., Defendants. URBAN OUTFITTERS, INC., Third-Party Defendant-Appellant, et al., Third-Party Defendant/Second Third-Party Defendant. (And a Third Third-Party Action.) [904 NYS2d 205]—

In an action to recover damages for personal injuries, the third-party defendant Urban Outfitters, Inc., appeals, as limited by its brief and by letter dated February 8, 2010, from so much of an order of the Supreme Court, Kings County (Lewis, J.), dated February 20, 2009, as denied that branch of its cross motion which was for summary judgment on its cross claim for contractual indemnification against the defendant and third-party plaintiff Masterbuilders, Inc.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action against, among others, the defendant 65 West 13th Acquisition, LLC (hereinafter 65 West), and Masterbuilders Contracting Corp., sued herein as Masterbuilders, Inc. (hereinafter Masterbuilders), to recover damages for injuries he allegedly sustained when, while working as an employee of Masterbuilders' subcontractor, defendant third-party second third-party Everett Construction Corp. (hereinafter Everett), on premises owned by 65 West, he tripped on the metal "lip" of one of the steps of an unfinished staircase. Subsequently, 65 West commenced a third-party action for common-law and contractual indemnification against, among others, the third-party defendant Urban Outfitters, Inc. (hereinafter Urban Outfitters), which leased retail space at the premises. Urban Outfitters asserted cross claims for contribution and contractual indemnification against, among others, Masterbuilders, the general contractor for construction work underway on its leased premises. After 65 West moved for summary judgment against, among others, Urban Outfitters, Urban Outfitters cross-moved, inter alia, for summary judgment on its cross claim for contractual indemnification against Masterbuilders.

The right to contractual indemnification depends upon the specific language of the contract (see Sherry v Wal-Mart Stores E., L.P., 67 AD3d 992, 994 [2009]; Canela v TLH 140 Perry St., LLC, 47 AD3d 743, 744 [2008]). In the absence of a legal duty to indemnify, a contractual indemnification provision "must be

strictly construed to avoid reading into it a duty which the parties did not intend to be assumed" (*Hooper Assoc. v AGS Computers*, 74 NY2d 487, 491 [1989]; *see Baginski v Queen Grand Realty, LLC*, 68 AD3d 905, 907 [2009]). "The promise [to indemnify] should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding facts and circumstances" (*Hooper Assoc. v AGS Computers*, 74 NY2d at 491-492; *see Eldoh v Astoria Generating Co., LP*, 57 AD3d 603, 604 [2008]; *Canela v TLH 140 Perry St., LLC*, 47 AD3d at 744).

Here, contrary to Urban Outfitters' contention, it cannot be clearly implied from the language of the indemnification provision of the contract between Masterbuilders and Urban Outfitters that the parties intended for Masterbuilders to indemnify Urban Outfitters based merely on a claim that Masterbuilders was negligent, without establishing such negligence. Accordingly, the Supreme Court properly denied that branch of Urban Outfitters' cross motion which was for summary judgment on its cross claim for contractual indemnification against Masterbuilders. Fisher, J.P., Covello, Hall and Sgroi, JJ., concur.