■ MANUEL RICHARD CORTES, Plaintiff, v TOWN OF BROOKHAVEN, Defendant Third-Party Plaintiff-Appellant. DOLEEN TRUCKING CORP. et al., Third-Party Defendants-Respondents, et al., Third-Party Defendant. [910 NYS2d 171]—

In an action to recover damages for personal injuries, in which the defendant Town of Brookhaven asserted a third-party complaint, inter alia, for contractual indemnification, the defendant/third-party plaintiff appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated April 15, 2009, as, upon the granting of that branch of the motion of the third-party defendants Doleen Trucking Corp. and DF Stone Contracting, Ltd., pursuant to CPLR 4401 which was for judgment as a matter of law dismissing the third cause of action in the third-party complaint for contractual indemnification insofar as asserted against the third-party defendant DF Stone Contracting, Ltd., and, upon, in effect, the denial of its motion pursuant to CPLR 4401 for judgment as a matter of law on the third cause of action in the third-party complaint for contractual indemnification insofar as asserted against the third-party defendant DF Stone Contracting, Ltd., made at the close of evidence, is in favor of the third-party defendant DF Stone Contracting, Ltd., and against it, dismissing the third cause of action in the third-party complaint for contractual indemnification insofar as asserted against the third-party defendant DF Stone Contracting, Ltd.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, that branch of the motion of the third-party defendants Doleen Trucking Corp. and DF Stone Contracting, Ltd., pursuant to CPLR 4401 which was for judgment as a matter of law dismissing the third cause of action in the third-party complaint for contractual indemnification insofar as asserted against the third-party defendant DF Stone Contracting, Ltd., is denied, the third cause of action in the third-party complaint for contractual indemnification insofar as asserted against the third-party defendant DF Stone Contracting, Ltd., is reinstated, the motion of the defendant/third-party plaintiff pursuant to CPLR 4401 for judgment as a matter of law on the third cause of action in the third-party complaint for contractual indemnification insofar as asserted against the third-party defendant DF Stone Contracting, Ltd., is granted, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of an amended judgment awarding the defendant/third-party plaintiff judgment as a matter of law on the third cause of action in the third-party complaint for contractual indemnification insofar as against the third-party defendant DF Stone Contracting, Ltd.

DF Stone Contracting, Ltd. (hereinafter DF Stone), entered into a contract with the Town of Hempstead (hereinafter Hempstead) to transport ash from Hempstead to a landfill facility in the Town of Brookhaven (hereinafter Brookhaven). The plaintiff, a truck driver, was injured when the truck in which he was transporting ash overturned at the Brookhaven landfill. He sued Brookhaven, which then brought a third-party action against Doleen Trucking Corp. (hereinafter Doleen), DF Stone, and H. Bittle & Sons, Inc. (hereinafter H. Bittle), seeking, inter alia, contractual indemnification. Doleen owned the trucks used by DF Stone. H. Bittle was the plaintiff's employer, and it owned the facility from which DF Stone and Doleen operated. The complaint insofar as asserted against H. Bittle was withdrawn before trial.

At the close of evidence, Doleen and DF Stone moved pursuant to CPLR 4401 for judgment as a matter of law, inter alia, dismissing the third cause of action in the third-party complaint for contractual indemnification, and Brookhaven moved pursuant to CPLR 4401 for judgment as a matter of law on that same cause of action insofar as asserted against DF Stone. The Supreme Court granted the motion of Doleen and DF Stone, and denied Brookhaven's motion. Thereafter, the jury found the plaintiff 60% liable and Brookhaven 40% liable in the happening of the accident.

In the judgment appealed from, the Supreme Court dismissed, inter alia, Brookhaven's third-party claim for contractual indemnification from DF Stone and Doleen. Brookhaven appeals only from so much of the judgment as the dismissed third cause of action in the third-party complaint for contractual indemnification insofar as asserted against DF Stone.

Generally, "contracts will not be construed to indemnify a person against his [or her] own negligence unless such intention is expressed in unequivocal terms" (*Kurek v Port Chester Hous. Auth.*, 18 NY2d 450, 456 [1966] [internal quotation marks omitted]; *see Sherry v Wal-Mart Stores E., L.P.*, 67 AD3d 992, 994 [2009]), provided that none of the exceptions to this rule contained in the General Obligations Law are applicable. Where those exceptions do not apply, parties can enter into agreements to indemnify one party for his or her negligence and the indemnity clause need not "contain express language referring to the negligence of the indemnitee, but merely that the intention to indemnify can be clearly implied from the language and purposes of the entire agreement, and the surrounding facts and circumstances" (*Margolin v New York Life Ins. Co.*, 32 NY2d 149, 153 [1973]; *see Sherry v Wal-Mart Stores E., L.P.*, 67 AD3d at 994-995). "When the intent is clear, an indemnification agreement will be enforced even if it provides indemnity for one's own or a third party's negligence" (*Bradley v Earl B. Feiden, Inc.*, 8 NY3d 265, 275 [2007]; *see Sherry v Wal-Mart Stores E., L.P.*, 67 AD3d at 995), except where such agreements are void and unenforceable as a matter of law.

Here, the indemnification provision which applies to Brookhaven is contained in the "Project Description" section of the contract between DF Stone and Hempstead, relating to this specific contract, as opposed to the general conditions which were not applicable to Brookhaven. The indemnification clause pertaining to Brookhaven provides, inter alia, that DF Stone would indemnify Brookhaven "against any and all claims, suits or liability which might arise in connection with this agreement [and] from any and all claims, suits, or liabilities that might arise as a result of transporting, handling, depositing, staging and storing of the Process Residue transported." None of the statutory exceptions to the general rule that, where one party agrees to indemnify another against "any and all claims," it is agreeing to indemnify the other party even where that party has been negligent (*see Levine v Shell Oil Co.*, 28 NY2d 205, 212-213 [1971]; *Kurek v Port Chester Hous. Auth.*, 18 NY2d at 456-457; *Sherry v Wal-Mart Stores E., L.P.*, 67 AD3d at 995-996; *Brooklyn Union Gas Co. v Interboro Asphalt Surface Co.*, 303

AD2d 532, 535 [2003]), applies in this case. Accordingly, DF Stone is obligated pursuant to contract to indemnify Brookhaven against liabilities arising out of the main action regardless of the jury's finding that Brookhaven was negligent. Santucci, J.P., Balkin, Leventhal and Austin, JJ., concur.