Sha-Kie Williams, Respondent, v Suffolk County Sheriff's Department et al., Appellants, and Island Elevator Corporation et al., Respondents. [930 NYS2d 486]—

The plaintiff alleged that, on July 29, 2003, when he was an inmate at the Suffolk County Riverhead Correctional Facility, he fell down an elevator shaft on the premises and was injured. The plaintiff served a notice of claim dated September 12, 2003, and a hearing pursuant to General Municipal Law § 50-h was conducted on November 12, 2003. Thereafter, the plaintiff commenced this action against the Suffolk County Sheriff's Department and the County of Suffolk (hereinafter together the county defendants) and two elevator companies, Island Elevator Company and Brink Elevator Corp., that had entered into maintenance contracts with the County of Suffolk between 1999 and 2003. The defendant Barist Elevator Company also had a maintenance contract with the County of Suffolk during that period of time.

Contrary to the contentions of the county defendants, a review of the hearing transcript demonstrates that the plaintiff sufficiently complied with General Municipal Law § 50-h at the hearing (see Matter of Johnson v City of Yonkers, 262 AD2d 563 [1999]). Accordingly, the Supreme Court properly determined that dismissal of the complaint was not warranted for failure to comply with that statute.

The Supreme Court properly denied that branch of the motion of the county defendants which was for summary judgment on their cross claims for contractual indemnification, as there

are issues of fact as to whose negligence, if any, caused the plaintiff's accident (*see Erickson v Cross Ready Mix, Inc.*, 75 AD3d 524, 524 [2010]; *George v Marshalls of MA, Inc.*, 61 AD3d 925, 930 [2009]).

Additionally, the county defendants did not establish their prima facie entitlement to judgment as a matter of law on that branch of their motion which was for summary judgment on their cross claims for a defense (*see Bellefleur v Newark Beth Israel Med. Ctr.*, 66 AD3d 807, 809 [2009]; *George v Marshalls of MA, Inc.*, 61 AD3d at 930). Therefore, the Supreme Court properly denied that branch of their motion. Rivera, J.P., Florio, Leventhal and Roman, JJ., concur.