On March 8, 2006, the plaintiff, an employee of the third-party defendant (hereinafter the appellant), allegedly was injured when he fell from a scaffold while performing exterior stucco renovation work on premises owned by the defendant Post & Broadway, Inc., and managed by the defendant OK Management, Inc. (hereinafter together the defendants). The work was performed pursuant to a construction contract entered into by the defendants and the appellant. The plaintiff commenced an action against the defendants to recover damages for personal injuries, asserting, among other things, causes of action to recover damages for violations of Labor Law § 240 (1) and (2). The defendants commenced a third-party action against the appellant seeking contractual indemnification under the subject construction contract. After the plaintiff settled his Labor Law § 240 (1) and (2) causes of action against the defendants, and the defendants tendered the plaintiff the settlement amount, a nonjury trial was conducted on the third-party complaint.
At that trial, the parties stipulated that the defendants were not negligent in the happening of the accident. In addition, evidence was adduced that the subject construction contract (hereinafter the contract) provided that the appellant was obligated to stucco the back side of the subject premises for a stated price. The contract recited that the “[cjontractor assumes all liabilities.” Before entering into the contract, the defendants’ *807 principal and the appellant’s principal agreed that the appellant would assume responsibility for any accidents at the work site. The appellant’s principal told the defendants’ principal that he would “protect” him. The defendants’ principal drafted the contract on a blank form supplied by the appellant’s principal. With respect to the phrase “[contractor assumes all liabilities,” the unrebutted testimony of the defendants’ principal was that he and the appellant’s principal agreed that this phrase meant that the appellant agreed to assume any liability that arose on the part of the defendants as a result of the work performed pursuant to the contract. Based on the foregoing, the Supreme Court concluded that this provision constituted an agreement by the appellant to indemnify the defendants. A judgment was ultimately entered in favor of the defendants and against the appellant in the amount of the defendants’ liabilities to the plaintiff, as reflected in the settlement between the defendants and the plaintiff in the main action. The judgment also awarded the defendants an attorney’s fee, as well as litigation costs and litigation expenses they incurred in the third-party action.
The appellant argues on appeal that the defendants were not entitled to contractual indemnification, but that the contract, properly construed, only obligated the appellant to secure insurance covering the defendants. The appellant further argues that the Supreme Court erred in awarding the defendants an attorney’s fee, litigation costs, and litigation expenses.
Upon review of a determination rendered after a nonjury trial, this Court’s authority “is as broad as that of the trial court,” and this Court may “render the judgment it finds warranted by the facts, taking into account in a close case the fact that the trial judge had the advantage of seeing the witnesses” (Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983] [internal quotation marks omitted]; see Vitiello v Merwin, 87 AD3d 632, 632-633 [2011]).
A party’s right to contractual indemnification depends upon the specific language of the contract (see Alfaro v 65 W. 13th Acquisition, LLC, 74 AD3d 1255, 1255 [2010]; Sherry v Wal-Mart Stores E., L.P., 67 AD3d 992, 994 [2009]; Canela v TLH 140 Perry St., LLC, 47 AD3d 743, 744 [2008]). Where there is no legal duty to indemnify, “a contractual indemnification provision ‘must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed’ ” (Alfaro v 65 W. 13th Acquisition, LLC, 74 AD3d at 1255-1256, quoting Hooper Assoc. v AGS Computers, 74 NY2d 487, 491 [1989]; see Baginski v Queen Grand Realty, LLC, 68 AD3d 905, 907 [2009]). “The promise [to indemnify] should not be found unless it can be *808 clearly implied from the language and purpose of the entire agreement and the surrounding facts and circumstances” (Hooper Assoc. v AGS Computers, 74 NY2d at 491-492; see Alfaro v 65 W. 13th Acquisition, LLC, 74 AD3d at 1255-1256).
Here, the contract provision at issue broadly provided that the appellant “assumes all liabilities” of the defendants. This contractual language, combined with the unrebutted testimony of the defendants’ principal that the appellant’s principal agreed to provide complete “protection” to the defendants in the event of any accidents at the work site, contractually obligated the appellant to indemnify the defendants. Accordingly, the Supreme Court properly determined that the defendants were entitled to contractual indemnification from the appellant under the contract.
The defendant’s entitlement to an award of an attorney’s fee, litigation costs, and litigation expenses was never adjudicated before the Supreme Court and, thus, there was no basis for including such an award in the judgment (see Abreu v Manhattan Plaza Assoc., 214 AD2d 526, 527 [1995]; Fulmer v Ashton, 17 AD2d 650 [1962]; see also Peripheral Equip. v Farrington Mfg. Co., 29 AD2d 11, 14 [1967]). There is no merit to the defendants’ remaining contentions with respect to this award. Accordingly, the judgment must be modified by deleting the award of an attorney’s fee, litigation costs, and litigation expenses to the defendants. Dillon, J.P., Florio, Chambers and Miller, JJ., concur.