██ SOVEREIGN BANK, Plaintiff, v FERDINANDO BIAGIONI et al., Defendants. (And a Third-Party Action.) (Action No. 1.) SOVEREIGN BANK, Respondent, v GUARANTEED HOME MORTGAGE COMPANY, INC., Appellant. (Action No. 2.) [982 NYS2d 322]—

In an action to foreclose a mortgage (action No. 1) and an action to recover pursuant to an indemnification clause contained in a mortgage brokerage agreement (action No. 2), Guaranteed Home Mortgage Company, Inc., the defendant in action No. 2, appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Loehr, J.), entered April 12, 2012, as granted the plaintiff's cross motion for summary judgment on the complaint in action No. 2 directing that it is obligated to indemnify the plaintiff for damages in the event that a certain note and mortgage, both dated September 15, 2008, are deemed unenforceable.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the plaintiff's cross motion for summary judgment on the complaint in action No. 2 is denied.

In 2003, Guaranteed Home Mortgage Company, Inc. (hereinafter Guaranteed), entered into a mortgage broker agreement (hereinafter the agreement) with Sovereign Bank. In relevant part, the agreement provided that Guaranteed: "agrees to indemnify Sovereign Bank and hold Sovereign Bank harmless for any and all liability, loss, damages, attorney's fees and other expenses which Sovereign Bank may sustain or incur by reason of or in consequence of [Guaranteed] not observing the stated provisions or warranties of this agreement or not obtaining the necessary documentation as required by Sovereign Bank."

In 2008, Guaranteed submitted a loan application to Sovereign Bank on behalf of Ferdinando Biagioni and Rosalba Biagioni (hereinafter together the Biagionis) for the refinance of the mortgage on their home. Thereafter, Sovereign Bank made a loan to the Biagionis in the amount of $350,000, which was evidenced by a note and mortgage, both dated September 15, 2008. The note and mortgage were executed by the Biagionis' son, Alexander Biagioni, as the Biagionis' attorney-in-fact, purportedly pursuant to certain powers of attorney.

In 2009, Sovereign Bank commenced an action against the Biagionis to foreclose on the mortgage (action No. 1), and a separate action against Guaranteed to recover pursuant to the indemnification clause in the agreement (action No. 2). In their

answer in action No. 1, the Biagionis asserted, inter alia, that the powers of attorney utilized by Alexander at the closing had been forged and, thus, the mortgage was void and unenforceable. As relevant to this appeal, the Supreme Court granted Sovereign Bank's cross motion for summary judgment on the complaint in action No. 2 directing that Guaranteed was obligated to indemnify Sovereign Bank for damages in the event that the note and mortgage were deemed unenforceable.

"The right to contractual indemnification depends upon the specific language of the contract. The promise to indemnify should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding circumstances" (*George v Marshalls of MA, Inc.*, 61 AD3d 925, 930 [2009] [citation omitted]; *see Hooper Assoc. v AGS Computers*, 74 NY2d 487, 491-492 [1989]; *Reyes v Post & Broadway, Inc.*, 97 AD3d 805, 807-808 [2012]; *Sherry v Wal-Mart Stores E., L.P.*, 67 AD3d 992, 994-995 [2009]). "Generally, 'contracts will not be construed to indemnify a person against his [or her] own negligence unless such intention is expressed in unequivocal terms' " (*Cortes v Town of Brookhaven*, 78 AD3d 642, 644 [2010], quoting *Kurek v Port Chester Hous. Auth.*, 18 NY2d 450, 456 [1966]; *see Sherry v Wal-Mart Stores E., L.P.*, 67 AD3d at 994). Contractual provisions purporting to indemnify a party against its own negligence are "carefully scrutinized" by the courts (*Levine v Shell Oil Co.*, 28 NY2d 205, 211 [1971]).

Here, Sovereign Bank failed to make a prima facie showing of entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Triable issues of fact exist, including whether Sovereign Bank was negligent in accepting the powers of attorney proffered by Alexander Biagioni, despite its own internal policy requiring at least one note obligor to be present at a loan closing. Further, contrary to Sovereign Bank's contention, the indemnity provision in the agreement did not, either by itself or when read with the rest of the agreement, clearly and unambiguously require Guaranteed to indemnify Sovereign Bank for its own negligence. Accordingly, Sovereign Bank's cross motion for summary judgment should have been denied (*see Williams v Suffolk County Sheriff's Dept.*, 88 AD3d 694, 694-695 [2011]; *George v Marshalls of MA, Inc.*, 61 AD3d at 930; *Iannuzzi v American Mtge. Network, Inc.*, 727 F Supp 2d 125, 142-143 [2010]; *cf. Sherry v Wal-Mart Stores E., L.P.*, 67 AD3d at 994-996).

In light of our determination, we do not reach Guaranteed's remaining contention. Mastro, J.P., Rivera, Sgroi and Cohen, JJ., concur.