# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1381
CA 15-00145
PRESENT: SCUDDER, P.J., CENTRA, CARNI, VALENTINO, AND DEJOSEPH, JJ.

---

ZRAJ OLEAN, LLC AND ZAMIAS SERVICES, INC.,
PLAINTIFFS-APPELLANTS,

V                                              MEMORANDUM AND ORDER

ERIE INSURANCE COMPANY OF NEW YORK, RAYMOND
WANGELIN, DOING BUSINESS AS ADAMS SEPTIC &
SOUTHERN SUMMIT, AND NANCY J. WANGELIN, AS
ADMINISTRATRIX OF THE ESTATE OF RAYMOND L.
WANGELIN, DECEASED, DEFENDANTS-RESPONDENTS.

---

LAW OFFICES OF JOHN WALLACE, BUFFALO (JAMES J. NAVAGH OF COUNSEL), FOR
PLAINTIFFS-APPELLANTS.

CHELUS, HERDZIK, SPEYER & MONTE, P.C., BUFFALO (THOMAS P. KAWALEC OF
COUNSEL), FOR DEFENDANT-RESPONDENT ERIE INSURANCE COMPANY OF NEW YORK.

AUGELLO & MATTELIANO, LLP, BUFFALO (JOSEPH A. MATTELIANO OF COUNSEL),
FOR DEFENDANTS-RESPONDENTS RAYMOND WANGELIN, DOING BUSINESS AS ADAMS
SEPTIC & SOUTHERN SUMMIT, AND NANCY J. WANGELIN, AS ADMINISTRATRIX OF
THE ESTATE OF RAYMOND L. WANGELIN, DECEASED.

---

Appeal from a judgment (denominated order) of the Supreme Court,
Cattaraugus County (Michael L. Nenno, A.J.), entered August 27, 2014.
The judgment, among other things, granted defendants' cross motions
for summary judgment.

It is hereby ORDERED that the judgment so appealed from is
unanimously modified on the law by denying the cross motion of
defendants Raymond Wangelin, doing business as Adams Septic & Southern
Summit, and Nancy J. Wangelin, as Administratrix of the Estate of
Raymond L. Wangelin, deceased, and reinstating the contractual
indemnification and failure to procure insurance causes of action in
the action under Index No. 76791; granting that part of plaintiffs'
cross motion for summary judgment with respect to the cause of action
for contractual indemnification in that action; denying the cross
motion of defendant Erie Insurance Company of New York in the action
under Index No. 80570; and granting that part of plaintiffs' cross
motion for declaratory relief on the issue of the duty to defend and
entering judgment in favor of plaintiff Zamias Services, Inc. in the
action under Index No. 80570 as follows:

It is ADJUDGED and DECLARED that defendant Erie
Insurance Company of New York is obligated to defend

plaintiff Zamias Services, Inc. in the underlying action
from the date that such plaintiff was served with the
amended complaint in the underlying action,

and as modified the judgment is affirmed without costs.

Memorandum:  Following a slip and fall on ice in a roadway at the
Olean Center Mall, Brenda Johnson and Gary Johnson commenced an action
(hereafter, underlying action) against the mall owner, plaintiff ZRAJ
Olean, LLC (ZRAJ), and the mall's property manager, plaintiff Zamias
Services, Inc. (Zamias), seeking damages for injuries sustained by
Brenda Johnson.  Pursuant to a written Service Agreement, Southern
Summit Development by its owner, Raymond Wangelin, had agreed to
perform snow removal, sanding and salting services on behalf of
plaintiffs at the shopping mall during the period of time inclusive of
Brenda Johnson's slip and fall.  Raymond Wangelin, doing business as
Adams Septic & Southern Summit (hereafter, Southern Summit), died
during the pendency of the underlying action.  Plaintiffs thereafter
commenced a third-party action against defendants Southern Summit and
Nancy J. Wangelin, as Administratrix of the Estate of Raymond L.
Wangelin (hereafter, decedent's estate), asserting causes of action
for contractual indemnification, common-law indemnification,
contribution and failure to procure insurance for ZRAJ as an
additional insured.  Southern Summit moved for summary judgment
dismissing the second amended third-party complaint against it, and
Supreme Court granted the motion in part and dismissed the causes of
action for common-law indemnification and contribution on the ground
that Southern Summit owed no duty of care to the Johnsons, as
strangers to the Service Agreement, under any of the *Espinal*
exceptions (*see Espinal v Melville Snow Contrs*., 98 NY2d 136, 140).

Zamias subsequently commenced a declaratory judgment action
against defendant Erie Insurance Company of New York (Erie) and
decedent's estate seeking a declaration that Zamias was entitled to a
defense and indemnification with respect to the underlying action as
an additional insured under the commercial general liability policy
issued by Erie to Southern Summit.  The underlying action was settled
in January 2013.  The court then consolidated the third-party action
and the declaratory judgment action.

In response to two motions by Zamias for protective orders, Erie
cross-moved for summary judgment in the declaratory judgment action
seeking a declaration that it had no duty to defend or indemnify
Zamias.  Plaintiffs cross-moved for summary judgment in the
declaratory judgment action seeking a declaration that Erie has a duty
to defend Zamias with respect to the underlying action, and they
sought summary judgment on the causes of action for contractual
indemnification from Southern Summit and failure to procure insurance
for ZRAJ as an additional insured.  Southern Summit and decedent's
estate then cross-moved for summary judgment dismissing the causes of
action in the third-party action for contractual indemnification and
failure to procure insurance.

By the judgment on appeal, the court granted the cross motion of

Southern Summit and decedent's estate and dismissed plaintiffs' causes of action in the third-party action for contractual indemnification and failure to procure insurance.  The court also granted Erie's cross motion in the declaratory judgment action and determined that Erie had no obligation to defend or indemnify Zamias in the underlying action. The court further determined that Zamias' motions for protective orders and that part of plaintiffs' cross motion for summary judgment on their cause of action for failure to procure insurance were "moot." Plaintiffs appeal.

As a preliminary matter, we note that plaintiffs have abandoned any contentions with respect to the motions for protective orders and that part of their cross motion for summary judgment on their cause of action for failure to procure insurance inasmuch as they have not pursued any such issues in their brief (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 984).

We agree with plaintiffs that the court erred in denying that part of their cross motion for summary judgment seeking contractual indemnification from Southern Summit and decedent's estate and in dismissing the cause of action for contractual indemnification. Initially, we note that the snow removal Service Agreement is not subject to General Obligations Law § 5-322.1 (1) because it is not a contract for "the construction, alteration, repair or maintenance of a building, structure, appurtenances and appliances" (*id.; see Pieri v Forest City Enters.*, 238 AD2d 911, 912-913).  With respect to the language of the indemnification clause at issue, we note that the Service Agreement provides that Southern Summit would indemnify plaintiffs "from and against any and all occurrences, liability, claims, damages . . . , expenses, fees, fines, penalties, suits, proceedings, actions and causes of action of any and every kind whatsoever arising or growing out of or in any way connected with the work to be performed under [the] Agreement."  We conclude that the unambiguous intent of that language was to provide for indemnification even where plaintiffs have been negligent (*see Gortych v Brenner*, 83 AD3d 497, 498; *Cortes v Town of Brookhaven*, 78 AD3d 642, 644).  We further conclude that the unambiguous intent of the clause was also to provide for indemnification even though Southern Summit was not negligent (*see Brown v Two Exch. Plaza Partners*, 76 NY2d 172, 178; *Brooklyn Union Gas Co. v Interboro Asphalt Surface Co.*, 303 AD2d 532, 535, *lv denied* 100 NY2d 506).  Thus, we conclude that the issue whether the court's earlier dismissal of the contribution and common-law indemnification causes of action in the third-party action against Southern Summit and decedent's estate, which we note was on *Espinal* grounds, was entitled to collateral estoppel or res judicata treatment with respect to Southern Summit's negligence or performance under the Service Agreement is irrelevant under the language of the indemnification clause.  We thus further conclude that the court erred in denying that part of plaintiffs' cross motion for summary judgment on the issue of contractual indemnification and in granting the cross motion of Southern Summit and decedent's estate dismissing the cause of action for contractual indemnification (*see Brown*, 76 NY2d 172, 178; *see also Cortes*, 78 AD3d at 644-645).  We therefore modify the judgment accordingly.

We also agree with plaintiffs that the court erred in granting that part of the cross motion of Southern Summit and decedent's estate for summary judgment dismissing the cause of action for failure to procure insurance for ZRAJ as an additional insured.  The Service Agreement provides that Southern Summit was obligated to maintain insurance naming ZRAJ as an additional insured and Southern Summit failed to establish that it met that obligation.  Thus, we further modify the judgment accordingly.

We agree with Zamias that it was entitled to a defense as an additional insured under Erie's policy, beginning on the date upon which Zamias was served with the amended summons and complaint in the underlying action.  We therefore further modify the judgment accordingly.  It is well settled that an insurer's duty to defend is "exceedingly broad" (*Colon v Aetna Life & Cas. Ins. Co.*, 66 NY2d 6, 8).  The fact that the amended complaint in the underlying action alleged negligence on the part of plaintiffs, and not Southern Summit, is of no consequence inasmuch as the allegations in the amended complaint "[brought] the claim potentially within the protection purchased" and triggered Erie's duty to defend Zamias as an additional insured (*Regal Constr. Corp. v National Union Fire Ins. Co. of Pittsburgh, PA*, 15 NY3d 34, 37).

Inasmuch as bodily injury liability coverage for an additional insured under Erie's policy, insofar as relevant herein, is provided for injuries caused in whole or in part by the "acts or omissions" of Southern Summit, we conclude on this record that Erie failed to make a prima facie showing that the slip and fall in the underlying action was not caused in whole or in part by the acts or omissions of its named insured, Southern Summit (*see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853).  Nor did Erie meet its burden with respect to its claim of a storm in progress (*see Schuster v Dukarm*, 38 AD3d 1358, 1358-1359; *see generally Winegrad*, 64 NY2d at 853).  We likewise conclude that Zamias failed to make a prima facie showing that Brenda Johnson's slip and fall was caused in whole or in part by the acts or omissions of Southern Summit (*see generally Winegrad*, 64 NY2d at 853).  We therefore further modify the judgment by denying those parts of the respective cross motions of plaintiffs and Erie on the issue of indemnification under Erie's policy.

Entered:  December 31, 2015                    Frances E. Cafarell
                                               Clerk of the Court