Crutch v 421 Kent Dev., LLC (2021 NY Slip Op 01752)





Crutch v 421 Kent Dev., LLC


2021 NY Slip Op 01752


Decided on March 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2019-09796
 (Index No. 13480/15)

[*1]Robert Crutch, plaintiff, 
v
421 Kent Development, LLC, et al., defendants third-party plaintiffs-respondents; Centrifugal Associates Group, LLC, third-party defendant-appellant, et al., third-party defendants (and another third-party action).


Kaufman Dolowich & Voluck, LLP, Woodbury, NY (Megan E. Yllanes of counsel), for third-party defendant-appellant.
Wood Smith Henning & Berman LLP, New York, NY (Bolam Kim and Tracy Abatemarco of counsel), for defendants third-party plaintiffs-respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the third-party defendant Centrifugal Associates Group, LLC, appeals from an order of the Supreme Court, Kings County (Dawn Jimenez-Salta, J.), dated June 12, 2019. The order, insofar as appealed from, denied those branches of that third-party defendant's motion which were for summary judgment dismissing the third-party causes of action for contractual indemnification and to recover damages for breach of contract asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In October 2013, the defendant 421 Kent Development, LLC, entered into a construction management services agreement with the defendant Wonder Works Construction Corp. (hereinafter Wonder Works; hereinafter together with 421 Kent Development, LLC, the defendants) to develop a parcel of property in Brooklyn. Wonder Works then subcontracted with the third-party defendant Centrifugal Associates Group, LLC (hereinafter Centrifugal), to perform the HVAC work on the construction project (hereinafter the Centrifugal subcontract). Centrifugal then entered into a subcontract with the third-party defendant J & Z Mechanical/Construction Corp. to perform the HVAC installation work. J & Z Mechanical/Construction Corp. then subcontracted with the third-party defendant Metropolis HVAC Contractors, Inc., to perform all work called for in the Centrifugal subcontract.
The accident giving rise to this case occurred when the plaintiff, an HVAC mechanic employed by Metropolis HVAC Contractors, Inc., fell from an elevated platform at the job site. The plaintiff thereafter commenced this action to recover damages for personal injuries, asserting causes of action alleging violations of Labor Law §§ 200, 240(1), and 241(6). The defendants then commenced a third-party action against, among others, Centrifugal. Insofar as asserted against Centrifugal, the defendants alleged causes of action for, inter alia, contractual indemnification and to recover damages for breach of contract. Following discovery, Centrifugal moved, inter alia, for [*2]summary judgment dismissing the third-party complaint insofar as asserted against it. In an order dated June 12, 2019, the Supreme Court, among other things, denied those branches of Centrifugal's motion which were for summary judgment dismissing the third-party causes of action for contractual indemnification and to recover damages for breach of contract asserted against it. Centrifugal appeals.
"'The right to contractual indemnification depends upon the specific language of the contract'" (O'Donnell v A.R. Fuels, Inc., 155 AD3d 644, 645, quoting George v Marshalls of MA, Inc., 61 AD3d 925, 930; see Bellefleur v Newark Beth Israel Med. Ctr., 66 AD3d 807, 808). "The promise to indemnify should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding circumstances" (George v Marshalls of MA, Inc., 61 AD3d at 930; see Shea v Bloomberg, L.P., 124 AD3d 621, 622). A party that moves for summary judgment dismissing a cause of action for contractual indemnification must make a prima facie showing that it was not contractually obligated to indemnify the party asserting the indemnification claim (see Assevero v Hamilton & Church Props., LLC, 131 AD3d 553, 558).
Here, Centrifugal failed to meet its prima facie burden to establish its entitlement to judgment as a matter of law dismissing the third-party cause of action for contractual indemnification. The Centrifugal subcontract referred to certain contract documents, including one titled "Subcontractor's Indemnification and Insurance Requirements," which were explicitly incorporated by reference into the Centrifugal subcontract (see Matter of Board of Commrs. of Washington Park of City of Albany, 52 NY 131, 134; cf. Chiacchia v National Westminster Bank, 124 AD2d 626, 628). By failing to include these contract documents with its moving papers, Centrifugal failed to establish, prima facie, that the Centrifugal subcontract did not place any duty upon Centrifugal to indemnify the defendants (see Sherry v Wal-Mart Stores E., L.P., 67 AD3d 992, 994-996; cf. Eldoh v Astoria Generating Co., LP, 57 AD3d 603, 604). For similar reasons, Centrifugal failed to establish, prima facie, that the plaintiff's accident did not trigger any indemnification provision within these contract documents (see Sherry v Wal-Mart Stores E., L.P., 67 AD3d at 994-996; cf. Elbayoumi v TD Bank, N.A., 185 AD3d 786, 787-788; Tolpa v One Astoria Sq., LLC, 125 AD3d 755, 756). Accordingly, those portions of the defendants' opposition papers addressing this argument need not be considered (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
"A provision in a construction contract cannot be interpreted as requiring the procurement of additional insured coverage unless such a requirement is expressly and specifically stated. In addition, contract language that merely requires the purchase of insurance will not be read as also requiring that a contracting party be named as an additional insured" (Trapani v 10 Arial Way Assoc., 301 AD2d 644, 647). Here, Centrifugal failed to meet its prima facie burden to establish its entitlement to judgment as a matter of law dismissing the third-party cause of action to recover damages for breach of contract based on Centrifugal's alleged failure to procure insurance. By failing to submit the contract documents incorporated by reference into the Centrifugal subcontract, Centrifugal failed to eliminate a triable issue of fact as to whether these contract documents contained provisions requiring it to obtain specific liability coverage for the benefit of the defendants (see Ginter v Flushing Terrace, LLC, 121 AD3d 840, 844; Simon v Granite Bldg. 2, LLC, 114 AD3d 749, 755-756; Rodriguez v Savoy Boro Park Assoc. Ltd. Partnership, 304 AD2d 738, 739). Moreover, the certificate of insurance submitted in support of Centrifugal's motion failed to meet its prima facie burden, as it expressly states that "this certificate is issued as a matter of information only and confers no rights upon the certificate holder," and Centrifugal failed to submit a copy of the subject policy (see 455 Dumont Assoc., LLC v Rule Realty Corp., 180 AD3d 735, 736-737; Cendant Car Rental Group v Liberty Mut. Ins. Co., 48 AD3d 397, 398). Since Centrifugal failed to establish its prima facie entitlement to judgment as a matter of law dismissing the third-party cause of action to recover damages for breach of contract, the Supreme Court properly denied that branch of its motion regardless of the sufficiency of the defendants' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
RIVERA, J.P., CHAMBERS, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court